## Ex parte SAADI.

District Court, S. D. California, S. D. December 30, 1927.

No. 8596.

1. Aliens ⟨═⟩53—On habeas corpus to release alien, ordered deported for unlawful entry, former entry and sojourn are immaterial to legality of last entry.

For all material purposes of alien's petition for writ of habeas corpus, directing his release from custody of immigration authorities, holding him for deportation, his lawful entry and sojourn prior to entry charged to be unlawful are immaterial.

2. Aliens ⟨═⟩54(16)—Courts cannot interfere with Labor Department's judgment as to deportation of alien, unless no evidence supports it, or law was misapplied (Immigration Act).

Courts cannot interfere with Department of Labor's judgment as to whether alien shall be deported, unless there was no evidence to support findings, or law as declared in Immigration Act (39 Stat. 874) was misapplied.

3. Aliens ⟨═⟩40—Statute declaring finality of Secretary of Labor's decision violates no constitutional right of person ordered deported (Immigration Act).

Rule established by Immigration Act (39 Stat. 874), that Secretary of Labor's decision to deport any person from United States thereunder shall be final, violates no constitutional right of such persons.

4. Aliens ⟨═⟩46—Alien, who was permitted to enter country on false representation to immigration officer that he was citizen, entered without "inspection" (Immigration Act, § 19 [8 USCA § 155]).

Alien, crossing United States boundary with other persons entering country, and declaring to immigration officer that he was American citizen, without having presented himself for further inspection and examination, as ordered by immigration officers at different point, where he first presented himself for re-entry after temporary departure, *held* to have entered without "inspection," which, as used in Immigration Act, § 19 (8 USCA § 155), means opportunity for immigration officers to check right to enter country when alien presents himself as such.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Inspect—Inspection.]

5. Constitutional law ⟨═⟩70(1)—Courts cannot mitigate severity of statute requiring deportation of alien entering without inspection (Immigration Act, § 19 [8 USCA § 155]).

Courts have no function to mitigate the severity of the Immigration Act with respect to deportation of alien, entering without inspection required by section 19 (8 USCA § 155).

Habeas Corpus. Petition by Edouard Saadi for a writ directing his release from the custody of immigration authorities holding him for deportation. Petition denied.

William H. Wylie, of San Diego, Cal., for petitioner.

Samuel W. McNabb, U. S. Atty., and J. George Ohannesian, Asst. U. S. Atty., both of Los Angeles, Cal., for respondent.

JAMES, District Judge. Petition for writ of habeas corpus. The petitioner herein is being held by the immigration authorities for deportation to France. He gave notice to the district director of his application for the writ, claiming that his detention is illegal. This notice was in form an order to show cause, and the respondent answered. Argument was presented by briefs, and the matter was heretofore submitted for decision.

The facts are not in dispute. Petitioner is a native of Egypt, of the Syrian race, and a citizen of France. He entered the United States in September, 1922, at the port of New York. On Sunday, January 30, 1927, petitioner left the United States and entered Mexico. He did not register with the immigration officers at the gate at the Mexican line in order to identify himself. Later, in the afternoon of the same day, he presented himself in the immigration office at the same point for re-entry into the United States. Upon being questioned, he stated that he was an alien, but had no evidence in his possession of a documentary or other nature to corroborate his claim that he had theretofore been domiciled within the United States. Not being satisfied of the alien's right to enter, the officers deferred further hearing until the following day, to permit the petitioner to secure evidence of prior lawful residence in the United States, and required the petitioner to remain in Mexico until the hearing was concluded. Petitioner was at liberty in Mexican territory, but, instead of waiting and re-presenting himself for further inspection and examination on the following morning, went to another point, where persons attending races at Tia Juana departed from and re-entered the United States. He joined the returning crowd of race goers at the train, declaring to the immigration officer there present that he was an American citizen. By this means he was able to re-enter the United States, but was shortly apprehended, and deportation proceedings were instituted.

In due time, and after regular hearing, the Secretary of Labor issued his warrant. The charge upon which deportation was ordered was (1) that petitioner "was a person likely to become a public charge at the time of his entry"; and (2) that he "entered by means of false and misleading statements, thereby entering without inspection." It is admitted by respondent that evidence was lacking to establish that the alien at the time of his entry was a person who would likely become a public charge. It is, however, by respondent insisted that the second specification was fully supported by the evidence, to wit, that the alien entered without inspection and that his deportation is therefore authorized under provisions contained in section 19 of the Immigration Act (8 USCA § 155). Those provisions authorize the deportation of aliens, at any time within three years after entry, who enter without inspection, or enter at a place other than one designated as a port of entry by the Labor Department.

[1] For all material purposes in this case, the acts of the alien are to be charged as referring to an entry made into this country as of January 30, 1927. In a case recently heard here, which was somewhat similar in its facts, the Circuit Court of Appeals reviewing the judgment stated:

"In Frick v. Lewis (C. C. A.) 195 F. 693, it was held that the fact that an alien had been a resident of the United States for a number of years, and had declared his intention to become a citizen, and that he had left the country for a temporary purpose only, was immaterial, that the statute was applicable so long as he remained an alien, and that the legality of his last entry is to be determined as though there had been no previous entry. Under the same decision, deportation to Italy was proper. This case was affirmed on appeal." Morini v. U. S., 21 F.(2d) 1004.

[2] It must be remembered that the right to and the responsibility of determining whether an alien shall be deported is committed to the Department of Labor, and that the courts cannot interfere with the judgment of the latter, except where there is no evidence to support the findings made, so that the decision becomes arbitrary; or the law, as declared in the act of Congress, is misapplied in the particular case. The act itself declares:

"In every case where any person is ordered deported from the United States under the provisions of this act, or of any law or treaty, the decision of the Secretary of Labor shall be final."

[3] And without citing the plainly written decisions to that point, it may be stated that this rule, so established by the act, violates no constitutional right of the persons concerned.

[4, 5] We then have only to determine here whether there was before the Immigration Department any evidence to sustain the charge that the petitioner entered the United States without inspection. The fact that the alien made himself visible to an officer of the immigration service at the time he crossed the line, and that he crossed with other persons then entering the United States, is the basis for the claim that the requirement as to inspection was satisfied. "Inspection," to my mind, as used in the Immigration Act, means that the immigration officers are given the opportunity to check the right of the alien to enter the United States when he presents himself *as an alien.*

In the petitioner's case, he, with a pending examination before him, evaded such examination, and by subterfuge and misrepresentation succeeded in passing into the United States. He did not, at the point of his entry, present himself as an alien ready to submit proofs of his right to enter. By his misrepresentation alone he avoided the "inspection" which the act contemplates every alien shall be subjected to. The result may be harsh, but, as has been before suggested, courts have no function to mitigate the severity of the immigration law. It is plainly declared in the act of Congress, and the Department of Labor is charged with the duty of enforcing it.

The writ should not issue; the petition is denied.