### Petition of HERSVIK et al.

(District Court, S. D. California, S. D. August 13, 1924.)

No. 6610.

1. **Aliens ⟺53—Alien residents, shipping as seamen on American vessel, held not to have relinquished right to remain in country.**

Alien residents, who had been such for a period of more than three years prior to shipping as seamen on American vessel for a complete voyage, to end on coast of their departure, intending at no time to remain away from United States or to become an inhabitant of any foreign country, *held* not, in view of Immigration Act 1924, § 3, and Immigration Act 1917, § 34 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼s), to have relinquished right to remain in this country.

2. **Aliens ⟺53—Act requiring aliens to obtain permit before leaving United States held inapplicable to seamen shipping on American vessel.**

Immigration Act 1924, § 10, requiring aliens, before leaving waters of the United States, to obtain a permit to do so, is inapplicable to a seaman who, in line of his calling and for a temporary time and purpose, goes without the territorial limits on an American vessel, which is bound by its ownership and registry to. and does, return to a port of the United States.

Petition of A. Hersvik and S. Kongsvik for habeas corpus, to determine whether petitioners are legally held by immigration officers. Petition granted, and petitioners discharged from custody.

JAMES, District Judge. On June 4, 1924, petitioners were alien residents of the United States, and had been such residents for a period of more than three years immediately prior to said date. They were seamen by occupation. On June 4, 1924, they shipped on an American vessel as a part of the crew, engaging for a voyage to the port of Antofagasta, in the republic of Chile, and return. Upon the arrival of the ship on its return voyage, on the 11th day of July, 1924, at the port of San Pedro, Cal., petitioners were detained by the immigration officers as being aliens not entitled to be admitted to the United States.

Petitioners do not come within the class known as immigrants, defined in section 3 of the Immigration Act of 1924 as being aliens "departing from any place outside the United States destined for the United States," for they did not depart from any foreign place, but departed from the United States for a continuous voyage which ended in a United States port. They were not subject to the collection of a head tax by the express rules of the immigration department, which excepts from that tax (rule 1, subdivision e) "aliens who, starting from a port of the United States, return thereto after a continuous sea trip or a cruise without change of vessel." Had they remained in the United States, they could not have been deported, for they had resided here for a period of three years. Section 34, Immigration Act of 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼s).

The position of the government is that, having departed beyond the territorial jurisdiction of the United States, the seamen abandoned any right which they had acquired to here remain, and that, upon their return, they should be treated as though they were entering for the first time. If such is the legal situation attendant upon the facts, then petitioners should be remanded to the custody of the immigration authorities, to be by them permitted to reship in foreign commerce, or be dealt with as those officers may otherwise determine under authority of the immigration law.

[1] The endeavor here must be to ascertain the intent of the law, for in none of its particular terms does it exactly cover the case of the petitioners. Here the seamen, in the pursuit of their calling and for the purpose of earning their livelihood, engaged themselves to an American vessel for a complete voyage, to end on the coast of their departure, intending at no time to remain away from the United States, or to become an inhabitant of any foreign country. If it is to be held, under these circumstances, that the petitioners have relinquished and abandoned the right which they had acquired to remain in this country, then the same logic would require that it be held that such a seaman loses all such rights upon venturing outside the territorial water of the country, for however brief a time and for whatever temporary purpose. This result I am persuaded was not intended to follow. Had the petitioners embarked upon a voyage, the termination of which was, and likewise the point of their discharge, in a foreign country, then there would be reason enough to conclude that they had become inhabitants of the country to which their port of discharge belonged.

[2] The further point is made on behalf of the government that under provisions of section 10 of the Immigration Act of 1924 the aliens, before leaving the waters of the United States, should have obtained a permit so to do. That regulation is quite plainly intended to apply to aliens who wish to *visit* foreign countries. It provides that the time, not exceeding one year, which the alien is permitted to be absent, shall be stated in the permit, and declares that the effect of the permit shall be "to show that the alien to whom it is issued is returning from a *temporary visit abroad.*" It is reasonably evident that this condition was not intended to be made applicable to a seaman, who, in the line of his calling and for a temporary time and purpose, goes without the territorial limits upon an American vessel, which is bound by its ownership and registry to, and does in fact, return to a port of the United States. The matter calls for a practical construction of the Immigration Law and the regulations of the department having charge of its administration. The reasonable intent of the law and its practical results are both served by having this matter decided in favor of the applicants.

It is ordered, therefore, that the prayer of the petition be granted, and that petitioners be discharged from custody.