UNITED STATES ex rel. FILIPPINI v.
DAY, Commissioner of Immigration.

District Court, S. D. New York. December 3,
1926.

1. Aliens ⊜⇒53—Alien seaman must have been excludable under basic law to warrant deportation for unlawful entry (Immigration Act 1917, § 34 [Comp. St. §§ 4289¼s]).

To warrant deportation of alien seaman under Immigration Act 1917, § 34 (Comp. St. § 4289¼s), because of unlawful entry, it must be shown that he was independently excludable under the basic law at the time of illegal entry.

2. Aliens ⊜⇒54(7)—In proceeding to deport alien, entering in excess of quota, proof of what quota was, or of number who had entered, held unnecessary.

In proceeding to deport alien seaman, whose entry was in excess of the quota, proof of what the quota was, or of the number who had entered at the time he came in, held not necessary.

3. Aliens ⊜⇒51½—Alien seaman, entering in excess of quota, held deportable; "qualified for admission" (Quota Law 1924, § 30 [Comp. St. § 4289½ee]; Immigration Act 1917, §§ 19, 34 [Comp. St. §§ 4289¼jj, 4289¼s]; Quota Law 1921 [Comp. St. §§ 4289½–4289½dd]).

Alien seaman, whose entry was in excess of quota, held excludable under Quota Law of 1921 (Comp. St. §§ 4289½–4289½dd), and hence deportable under Immigration Act 1917, § 34 (Comp. St. § 4289¼s), which, unlike section 19 (Comp. St. § 4289¼jj), says nothing about entry "in violation of any · other law of the United States," but makes test whether seaman is "qualified for admission" (which means qualified at time of entry); such holding being fortified by Quota Law 1924, § 30 (Comp. St. § 4289½ee).

4. Aliens ⊜⇒54(4)—Proceeding to deport alien seaman held improperly brought before immigration inspector, but irregularity was insufficient to deprive alien of fair hearing (Immigration Act 1917, § 34 [Comp. St. § 4289¼s]).

Proceeding for deportation of alien seaman entering in excess of quota held improperly brought before an immigration inspector, instead of before a board of special inquiry, as required by Immigration Act 1917, § 34 (Comp St. § 4289¼s), though such irregularity did not operate to deprive alien of fair hearing.

5. Aliens ⊜⇒53—Time of arrest of alien seaman fixes "time of deportation," within meaning of statute (Immigration Act 1917, § 34 [Comp. St. § 4289¼s]).

The time of arrest of alien seaman, not that of actual deportation, determines time of deportation, within meaning of Immigration Act 1917, § 34 (Comp. St. § 4289¼s), requiring deportation within three years after entry.

Habeas Corpus. Proceeding by the United States, on the relation of Carmelo Filippini, against Benjamin M. Day, Commissioner of Immigration. Writ dismissed, and relator remanded.

John M. Lyons, of New York City, for relator.

Edward Feldman, of New York City, for the United States.

HAND, Circuit Judge. [1-3] Upon the argument the respondent conceded that in the case of an alien seaman the unlawfulness of the original entry standing alone was not enough to justify deportation. Under section 34 (Comp. St. § 4289¼s), the alien must be shown to be independently excludable under the basic law. U. S. ex rel. Gioia v. Curran (D. C. May 8, 1924) 11 F.(2d) 904. Similarly it was conceded that there was no basis for a finding that the relator was likely to become a public charge. There remains, therefore, only the question of his entry on June 8, 1923, in excess of the quota at that time open from Italy. There is no proof in the record of what the quota was, or of the number who had entered at the time he came in. However, these are not matters which should be put in evidence at the hearing. They are determined by the official records of the department, and while these may no doubt be demanded and the calculations scrutinized, they do not form a part of the necessary evidence. In the case at bar the alien does not challenge their correctness. Therefore the alien was in fact excludable, not under the basic law, but under the Quota Law of 1921 (Comp. St. §§ 4289½–4289½dd). He was deportable under section 34 of the basic law if excludable when he entered. That section, unlike section 19 (Comp. St. § 4289¼jj), says nothing about entry "in violation of any other law of the United States," assuming, as I do not, that that phrase is not prospective. On the contrary, section 34 makes the test whether the seaman is "qualified for admission," which means qualified at the time of entering. Finally, if there be any possible doubt, it is laid by section 30 of the Quota Law of 1924 (Comp. St. § 4289½ee), which provides for the deportation of all aliens who like the relator entered in violation of the Quota Law of 1921, U. S. ex rel. Amron v. Day, no opinion filed (per A. N. Hand, J.).

[4] There remain only two questions: First, whether the proceedings were regular; second, whether they were timely. On the whole, I think that they were not regular because the relator, a seaman, was taken before an immigration inspector and not before a board of special inquiry, as required by section 34 of the basic law. The respondent's answer is that section 34 applies only when the ground of exclusion is created under the basic law itself, and that entry in excess of

the quota is not one of these. However, as I have just said, section 34 does not say that the seaman is to be examined as to his qualifications for admission under the basic law, but for admission generally. That section is the only one regulating the deportation of seamen who have entered unlawfully, no matter what may be the ground for their deportation.

[5] Nevertheless I think that this irregularity did not deprive the relator of a fair hearing, because the board of special inquiry would have had nothing to decide. The relator's nationality is admitted, and his exclusion follows from the number of Italians already entered on June 8, 1923. That question is not in issue and the relator therefore lost nothing but a formal right. This brings upon the second point; i. e., the time of deportation. If the relator is sent back to a board of special inquiry his deportation must take place more than three years after his entry. But the warrant of arrest was issued on October 27, 1925, within three years of his arrival, and it is the time of the arrest, not that of the deportation, which is alone mentioned in section 34 of the basic law. Indeed, it is now the arrest which counts under section 19. U. S. ex rel. David v. Tod (C. C. A. 2) 289 F. 60. Hence it makes no difference whether the present warrant of deportation stands which issued within three years of June 8, 1923, or a subsequent warrant issued after another hearing, this time before a board of special inquiry. Thus the sole loss which it can be argued that the relator has suffered by the irregularity of the proceedings appears to be unreal.

Writ dismissed; relator remanded.