**NAGLE, Commissioner of Immigration, v. HANSEN.**

(Circuit Court of Appeals, Ninth Circuit. February 21, 1927.)

No. 4913.

**1. Aliens ⟜53—Alien shipping for round trip held "seaman" not subject to deportation, more than three years after landing at port of departure, at expense of ship (Immigration Act 1917, § 34 [Comp. St. § 4289¼s]).**

Alien, shipping as seaman for voyage from New York to Buenos Aires and return, *held* a "seaman," within Immigration Act 1917, § 34 (Comp. St. § 4289¼s), and hence not subject to deportation over three years after landing at New York at expense of ship, which went from Buenos Aires to Norway, instead of returning to New York.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Seaman.]

**2. Aliens ⟜40—Act barring deportation of alien seaman three years after landing held not repealed (Comp. St. §§, 4289¼s, 4289¾g, 4352).**

Immigration Act 1917, § 34 (Comp. St. § 4289¼s), barring deportation of alien seaman three years after unlawfully landing in United States port, *held* to create special limitation in

favor of special class, not repealed by Immigration Act 1924, § 14 (Comp. St. § 4289¾g), repealing section 19 of 1917 act (Comp. St. § 4289¼jj), especially in view of Naturalization Act 1906, § 4, subds. 7, 8 (Comp. St. § 4352).

**3. Aliens ⟜40—Statute relating to deportation of certain aliens held repealed by later act (Comp. St. §§ 4289¼jj, 4289¾g).**

Immigration Act 1917, § 19 (Comp. St. § 4289¼jj), providing for deportation of certain aliens within five years after entry, *held* repealed by Immigration Act 1924, § 14 (Comp. St. § 4289¾g).

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; George M. Bourquin, Judge.

Petition by Ragnvald Hansen for a discharge from restraint by John D. Nagle, as Commissioner of Immigration for the Port of San Francisco, under a warrant of deportation. From a judgment ordering petitioner's discharge, the Commissioner appeals. Affirmed.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellant.

Albert Michelson and Herbert Chamberlin, both of San Francisco, Cal., for appellee.

Before RUDKIN, Circuit Judge, and SAWTELLE and JAMES, District Judges.

JAMES, District Judge. Hansen shipped as a seaman from New York on a voyage to Buenos Aires and return. The ship, however, took on a new cargo at Buenos Aires for Holland, and when that cargo was discharged, instead of returning to New York, it went to what is said to be its home port of Christiana, Norway. The vessel stayed in Norway, but, as Hansen was entitled under the shipping articles to a return passage to New York, the company paid his fare and he arrived at the port of New York on July 5, 1921, on the ship Frederik VIII. Upon his arrival at New York, he was allowed to enter as being "admitted in transit," this phrase being apparently intended to indicate that he was admitted as a seaman who intended to reship foreign. When he testified at the deportation proceedings, he said: "I came in as a sailor, and expected to reship at any time. My occupation is that of a seafaring man." Prior to shipping on the voyage from New York to Buenos Aires and return, Hansen had made several trips as a seaman between the same ports. There was no question made that his established calling

was, as he described it, that of a seafaring man.

On the 19th day of July, 1921, Hansen regularly declared his intention to become a citizen of the United States before the Supreme Court of the state of New York and received a certificate thereof. He then immediately became employed as a seaman on merchant vessels of United States registry sailing coastwise. At the time of his arrest he was engaged in that work, and had been so engaged for a period of more than three years. On about the 16th day of April, 1926, he was arrested at the instance of the immigration officers and charged as being unlawfully in this country, in that he entered without being admitted under the quota allowed to Norway, the country of which he was a native, for the fiscal year ending June 30, 1922. After a hearing, a warrant of deportation was issued by the Secretary of Labor, and petitioner petitioned the District Court for a discharge from that restraint. In his petition he asserted that the Secretary of Labor was without authority to order his deportation because of any unlawful entry as a seaman, when such entry occurred more than three years prior to his arrest. Hearing was had after return made by the Commissioner of Immigration, at the conclusion of which the court ordered petitioner to be discharged from custody. Thereupon the Commissioner brought this appeal.

Section 14 of the Immigration Act of 1924 (43 Stat. p. 153) provides, in part, as follows:

"Any alien who, at any time after entering the United States, is found to have been at the time of entry not entitled under this act to enter the United States, or to have remained therein for a longer time than permitted under this act, or regulations made thereunder, shall be taken into cutsody and deported * * * as provided for in sections 19 and 20 of the Immigration Act of 1917. * * *" Comp. St. § 4289¾g.

The act further provides (section 25) that its provisions "are in addition to and not in substitution for the provisions of the immigration laws, and shall be enforced as a part of such laws. * * * An alien, although admissible under the provisions of this act, shall not be admitted to the United States if he is excluded by any provision of the immigration laws other than this act, and an alien, although admissible under the provisions of the immigration laws other than this act, shall not be admitted to the United States if he is excluded by any provision of this act." Comp. St. § 4289¾ll. The same

act continues in force the Quota Law, limiting the immigration of aliens into the United States, as approved May 19, 1921. Comp. St. §§ 4289½–4289½dd.

Section 34 of the Immigration Act of 1917 (39 Stat. p. 874) provides that:

"Any alien seaman who shall land in a port of the United States contrary to the provisions of this act shall be deemed to be unlawfully in the United States, and shall, at any time within three years thereafter, upon the warrant of the Secretary of Labor, be taken into custody and brought before a Board of Special Inquiry for examination as to his qualifications for admission to the United States, and if not admitted said alien seaman shall be deported. * * *" Comp. St. § 4289¼s.

[1] The contention that Hansen was not a "seaman" when he arrived in New York on July 5, 1921, and hence not entitled to claim the benefit of the three-year period to bar deportation, seems overtechnical. It may be admitted that a person whose occupation is that of a seaman may not claim to answer to the class specified in section 34, Immigration Act, above quoted, where he first enters this country as a passenger on a ticket of his own purchase. In this case Hansen had shipped several times out of New York for voyages to Buenos Aires and return. The ship upon which he made his last trip contracted with him for employment on a voyage between the ports mentioned. Deviation from that voyage, resulting in Hansen being landed at the ship's expense at the port of contracted departure, should not be held, we think, to deprive him of the character which he had when he entered upon the voyage, and as to which there could have been no possible question, had the ship returned to the port of New York.

[2, 3] The second question is as to whether section 14 of the Immigration Act of 1924 repeals section 34 of the act of 1917. The general provision in the 1924 act that aliens, who have entered unlawfully or remained illegally "at any time after entering the United States," shall be taken into custody and deported, is inconsistent with the provisions of section 34 of the act of 1917, and would suggest a repeal of the latter by implication, unless section 34 may be said to create a special class, subject to special and different treatment. And, considering it in the relation it bears to other provisions of the act of 1917, we think it does create a special limitation, in favor of seamen as a class, which is not repealed by the 1924 act. The act of 1917 contained a general provision (section

19 [Comp. St. § 4289¼jj]) governing the deportation of aliens, the provision common to those who entered while belonging to excluded classes being that they might be deported within five years after entry. That this provision, as it affects all aliens not within the admissible classes, was repealed by section 14 of the act of 1924 seems clear enough. That repeal, however, in reason and relation, does not affect the special conditions, separately expressed in section 34 of the 1917 law.

Point is given to this argument that seamen are to be favored under the law when it is considered that the Naturalization Act provides for the admission to citizenship of men who have "served for three years on board merchant or fishing vessels of the United States" (section 4, subd. 7, Act June 29, 1906, 34 Stat. 596, as amended [Comp. St. § 4352(7)]), and that after such period of service, and after filing a declaration of intention to become a citizen, such seaman "shall be deemed a citizen of the United States for the purpose of serving on board any such merchant or fishing vessel of the United States, anything to the contrary in any act of Congress notwithstanding" (subdivision 8 [Comp. St. § 4352(8)]). The privilege of becoming a citizen in such cases seems to depend upon service for the three-year period on American ships only, and is not further conditioned upon a showing that the applicant during such service belonged to a nonexcluded class. It may well be assumed that this legislation is cognate with that relating to immigration, for the fixing of a three-year period of service on American ships as a minimum requirement to citizenship, which carries the seaman beyond the deportation period fixed in section 34 referred to, seems hardly a mere coincidence.

The contentions of appellant for a reversal are not, in our opinion, allowable.

The judgment is accordingly affirmed.