**UNITED STATES ex rel. DANIKAS v. DAY, Commissioner of Immigration, and three other cases.**

Circuit Court of Appeals, Second Circuit. July 20, 1927.

Nos. 240, 384, 385, 387.

1. Aliens ⚖️54(5)—Warrant for deportation of alien seaman unlawfully remaining in country must issue within three years, rather than five, under statute (Immigration Act 1917, §§ 19, 34 [Comp. St. §§ 4289¼jj, 4289¼s]).

Under Immigration Act 1917, § 34 (Comp. St. § 4289¼s), providing that any alien seaman landing contrary to provisions of such act shall be deemed to be unlawfully in the United States, "and shall at any time within three years thereafter, upon the warrant of the Secretary of Labor, be taken into custody * * * for examination, and if not admitted shall be deported," warrant for deportation of seaman unlawfully entering must issue within three years, notwithstanding section 19 (section 4289¼jj), establishing a five-year limitation as to other aliens.

2. Aliens ⚖️54(5)—Under statute, date when alien is taken into custody, rather than date of issuance of warrant of arrest, determines whether proceedings were commenced within three-year period of limitation (Immigration Act 1917, § 34 [Comp. St. § 4289¼s]).

Under Immigration Act 1917, § 34 (Comp. St. § 4289¼s), providing that alien seaman landing contrary to provisions of such act shall be deemed unlawfully in the United States, "and shall at any time within three years thereafter, upon the warrant of the Secretary of Labor, be taken into custody" for examination, and if not admitted shall be deported, the date on which the alien is taken into custody, and not that on which the warrant of arrest is issued, determines whether proceedings are commenced within three-year period.

3. Appeal and error ⚖️345(1)—Time for appeal does not run until motion for rehearing is disposed of.

Time within which an appeal must be taken does not begin to run until motion for rehearing has been disposed of.

4. Habeas corpus ⚖️113(3)—Appeal from order denying reargument in habeas corpus proceeding held improperly taken, and dismissible.

In habeas corpus proceeding on relation of alien held for deportation, appeal by government from order denying motion for reargument *held* improperly taken, and dismissible.

5. Appeal and error ⚖️77(1)—Order denying reargument in habeas corpus proceeding is not final and appealable.

In habeas corpus proceeding, order denying reargument is not final and appealable.

Appeals from the District Court of the United States for the Southern District of New York.

Writs of habeas corpus were granted on the relation of Vasillios Danikas, of Vincenzo Di Giacomo, of George Depastas, and of Mauro Lorusso against Benjamin M. Day, Commissioner. Orders were granted in each case, sustaining the writ and discharging the relator, and respondent appeals. Appeal in Danikas Case dismissed, and the orders in the other cases affirmed.

Danikas.

The relator, an alien, is a native and subject of Greece. On January 2, 1922, he arrived at the port of New York as a member of the crew of the steamship Constantinople and deserted his ship. He was not examined by the immigration authorities for permanent admission to the United States at the time of his arrival, nor was he charged to the quota allotted to Greece for the fiscal year ending June 30, 1922. After his desertion he remained in this country, and on October 30, 1924, voluntarily appeared at Ellis Island for inspection at the suggestion of his attorney, and requested that his entry be legalized. On the facts ascertained as to the manner and time of his entry, a warrant of arrest was issued November 13, 1924, but he was not arrested under the warrant until January 22, 1926. He was charged in the warrant with being liable to deportation under the Immigration Act of May 26, 1924 (Comp. St. §§ 4289¾–4289¾nn), in that he was not in possession of an unexpired immigration visa, and that he had been found in the United States in violation of the Immigration Act of February 5, 1917, because he was likely to become a public charge at the time of his entry, and had entered at a time or place other than as designated by immigration officials.

On January 22, 1926, the alien was brought before a Board of Special Inquiry for examination, pursuant to section 34 of the Act of February 5, 1917 (Comp. St. § 4289¼s). The board failed to sustain the charge that he was in the United States in violation of the act of 1924, but a warrant of deportation was issued on the ground that he entered the United States without being admitted and charged to the quota allotted to the country of which he was a native for the

fiscal year ended June 30, 1922, and because he entered by water at a place other than as designated by immigration officials and was a person likely to become a public charge at the time of his entry.

A writ of habeas corpus was then sued out, which was sustained by order of March 31, 1926. The judge who made this order thereafter issued an order to show cause why the order of March 31st should not be vacated, and the alien should not be allowed to amend his return. This motion was denied by order of June 11, 1926, and the Commissioner of Immigration filed a petition of appeal from the order of June 11.

### Di Giacomo.

This relator is a native and subject of Italy. On October 14, 1922, he arrived at the port of New York on the steamship Guglielmo Pierce as a member of the crew, and deserted his vessel and remained in the United States. On October 13, 1925, after an investigation that disclosed he was illegally in the country, a warrant of arrest issued on October 14, 1925, on the ground that he was in the country in excess of quota, and had entered at a time and place other than as designated by the immigration officials. As he had gone to Philadelphia he was not taken into custody under the warrant until January 6, 1926, after his return. The alien stated that when his ship arrived he went to visit some relatives in Long Island, became sick, and stayed there about two weeks. On his return he found his ship had gone, looked for another ship, and then looked for work. A warrant of deportation was then issued, after a hearing before a Board of Special Inquiry, because he entered the United States without being admitted and charged to the quota of the country of which he was a native for the fiscal year ending June 30, 1923, and because he entered by water at a time or place other than as designated by immigration officials.

A writ of habeas corpus was thereafter sued out, which was sustained, and from the order sustaining the writ this appeal has been taken.

### Depastas.

This relator is a native and subject of Greece. On January 30, 1922, he arrived at the port of New York on the steamship King Alexander as a member of the crew. Upon arrival he deserted the ship and entered this country, obtained employment, and has remained here ever since. On June 10, 1924, a warrant of arrest was issued, but he was not arrested until November, 1926. He was given a hearing before an immigrant inspector, and ordered deported by warrant dated November 29, 1926, on the ground that the quota for the year ended June 30, 1922, allotted to the country of which he was a native, was exhausted.

A writ of habeas corpus was thereafter sued out which was sustained, from the order sustaining which this appeal has been taken.

### Lorusso.

This relator arrived in this country on the steamship Presidente Wilson as a member of the crew, on March 14, 1923. He was reported as a deserter on March 18, 1923, but the warrant for his arrest did not issue until November 11, 1926, and was apparently not served until December 7, 1926, when he was brought to Ellis Island and given a hearing before an inspector of immigration. He was ordered deported, by warrant dated January 6, 1927, on the ground that he entered the United States without being admitted and charged to the quota allotted to the country of which he was a native, for the fiscal year ended June 30, 1923.

A writ of habeas corpus was thereafter sued out, which was sustained, from the order sustaining which this appeal has been taken.

Charles H. Tuttle, U. S. Atty., of New York City (Edward Feldman, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Charles J. Gerlich, Jr., of New York City, for appellees Danikas and Depastas.

Harry H. Hoffnagle, of New York City (McCready Sykes, of New York City, of counsel), for appellee Di Giacomo.

Isaac Shorr, of New York City (Carol Weiss King, of New York City, of counsel), for appellee Lorusso.

James C. Thomas, of New York City, amicus curiæ.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above). [1] The main question discussed in each of the foregoing cases is whether the warrant of deportation issued too late. Section 34 of the Immigration Act of 1917 provides:

"That any alien seamen who shall land in a port of the United States contrary to the provisions of this act shall be deemed to be unlawfully in the United States, and shall, at any time within three years thereafter, upon the warrant of the Secretary of Labor, be

taken into custody and brought before a board of special inquiry for examination as to his qualifications for admission to the United States, and if not admitted said alien seaman shall be deported at the expense of the appropriation for this act as provided in section twenty of this act."

This section, naturally read, would seem to require the Secretary of Labor to arrest a seaman within three years after unlawfully landing in the country, if he sought to deport him; but the government, in spite of the quite unqualified language, contends that the section only determines the admissibility of a seaman, as sections 12–17 (Comp. St. §§ 4289¼g–4289¼ii) do of other classes, and that seamen, as well as all other persons, are subject to deportation under section 19 (Comp. St. § 4289¼jj), which contains a five-year statute of limitation for excludable persons, except in the case of irregular entry, where the time is three years. Certainly this contention is not sound as to causes such as insufficiency of quota, which is an irregularity connected with entry, even if the provisions of section 19 may be thought to apply to deportation of seamen for offenses subsequent to their arrival.

One of the provisions of section 19 is that " * * * at any time within three years after entry, any alien who shall have entered the United States by water at any time or place other than as designated by immigration officials, or by land at any place other than one designated as a port of entry for aliens by the Commissioner General of Immigration, or at any time not designated by immigration officials, or who enters without inspection, shall, upon warrant of the Secretary of Labor, be taken into custody and deported. * * *"

The government in its brief says that:

"Section 34 is simply an exception to this provision of section 19. An alien seaman arrested within three years after an unlawful entry may not be deported on that ground. * * * In that respect, and in that respect only, we submit, is the status of an alien seaman in this country different from that of an ordinary alien."

We can, however, see nothing in section 34 which limits its purpose to giving a hearing to seamen as to their admissibility. Indeed, it is not true, as claimed, that persons, other than seamen, are in all cases denied belated hearings on their qualifications for admission. On April 20, 1926, the Bureau of Immigration promulgated upon the subject of "nunc pro tunc examinations" a first

amendment to General Order No. 37. That amendment provided for such hearings to determine the status of aliens, when entries were before July, 1921, and between July 1, 1921, and July 1, 1924, where the alien might have been admitted for permanent residence as exempt from quota.

It must be remembered that it had been held by the Supreme Court in Taylor v. United States, 207 U. S. 120, 23 S. Ct. 53, 52 L. Ed. 130, that deserting seamen did not come within the immigration laws. The provisions of the act of 1917, including section 34 under discussion, were enacted to bring them within the law, and that was the only act prior to that of 1924 that dealt with them in terms. Section 34 provides that seamen who land "contrary to the provisions of this act," not merely those who land without inspection, can be deported within three years, if they cannot establish their qualifications for admission to the satisfaction of a Board of Special Inquiry. Indeed, section 19 provides for only a three-year limitation in respect to entry of any person without inspection, so that section 34 was not needed to cover mere irregular entry by seamen, if they were deportable under section 19.

The view that section 34 alone regulates the deportation of seamen was taken by Judge Learned Hand in United States ex rel. Filippini v. Day, 18 F.(2d) 781, decided in the District Court December 3, 1926. There is strong ground for this, as nothing else dealt with them in terms, and prior to the act of 1917, by reason of the decision in Taylor v. United States, supra, they were not deportable. The Circuit Court of Appeals of the Ninth Circuit, in Nagel v. Hansen, 17 F.(2d) 557, seems to have reached the same result. We can in any event see no escape from the conclusion that section 34 regulates the deportation of seamen in all cases relating to improper entry such as entry in excess of quota. Moreover, if the strict language of section 19 be considered, it seems unlikely that a seaman can be regarded as a person "who at the time of entry was a member of one or more of the classes excluded by law." It is his change of status by remaining which makes his presence here unlawful.

[2] Two other questions are said to have been decided erroneously by the court below. The first is that, even if the three-year statute of limitation be taken to apply to any of these cases, the proceedings in the Danikas, the Di Giacomo, and the Depastas Cases were all commenced within the three-year period. The date which the government insists is the criti-

cal one is that when the warrant of arrest is issued, and not when the alien is taken into custody.

The other point is raised by the relator Danikas, who contends that the appeal in his case was not timely, and that the order sustaining the writ is not brought up for review.

The proceedings were in each case taken too late. As was said in United States ex rel. Filippini v. Day, supra, "it is now the arrest which counts," and not the date of issue of the warrant or the time of the actual deportation. In United States ex rel. David v. Tod (C. C. A.) 289 F. 60, and United States ex rel. Patton v. Tod (C. C. A.) 297 F. 385, the proceedings were under sections 19 and 20 of the Immigration Act (Comp. St. §§ 4289¼jj, 4289¼k), and did not relate to seamen. In each case the arrest was within the statutory limit of five years from the date of entry. It was held that section 20, providing, as it did, "if deportation proceedings are instituted at any time within five years after the date of entry," was satisfied where the warrant was issued and served within the five years.

Section 34 is much plainer, for it says nothing about the institution of proceedings, but provides that "any alien seaman who shall land in a port of the United States contrary to the provisions of this act, * * * and shall at any time within three years thereafter, upon the warrant of the Secretary of Labor, be taken into custody, * * * shall be deported." This, by the plainest language, makes the taking *"into custody"* within three years from landing the critical factor.

[3-5] In the Danikas Case the appeal was seasonable, because the time did not begin to run until the motion for a rehearing was disposed of (Aspen Mining & Smelting Co. v. Billings, 150 U. S. 31, 14 S. Ct. 4, 37 L. Ed. 986; Northern Pacific R. R. v. Holmes, 155 U. S. 137, 15 S. Ct. 28, 39 L. Ed. 99), but there was no appeal from the order sustaining the writ, inasmuch as the petition on appeal referred only to the order denying the motion for a reargument. It is fortunate that we find no error in the disposition of the writ, for the appeal as taken does not cover the order sustaining it, and the order denying the motion for a reargument, from which alone the appeal has been taken, is not appealable, because it is not a final order.

The appeal in the Danikas' Case must accordingly be dismissed. The orders sustaining the writs on behalf of Di Giacomo, Depastas, and Lorusso are affirmed.