## KIRK, Sheriff, v. UNITED STATES ex rel. LAWRENSON.

Circuit Court of Appeals, Fifth Circuit.
January 23, 1928.

No. 5177.

1. Aliens ⊕⊃53—Alien seaman, declaring intention of becoming citizen in 1920, held not subject to deportation on re-entry in 1926, after service in American merchant marine (Immigration Act 1917, § 34 [8 USCA § 166]; Naturalization Act June 29, 1906, § 4, pars. 7, 8, as added by Act May 9, 1918, § 1 [8 USCA §§ 376, 384, 388]; Immigration Act 1924, §§ 3, 13 [a], 14, 15 [8 USCA §§ 203, 213–215]; § 31, subd. [c], being Comp. St. § 4289¾n).

Alien seaman, entering United States in 1919 on shore leave, who deserted, made declaration in 1920 of intention to become citizen, and served continuously upon American merchant vessels engaged in foreign trade until 1926, *held* not subject to deportation on re-entry into United States, in view of rights granted under Immigration Act 1917, § 34 (8 USCA § 166), Naturalization Act June 29, 1906, § 4, pars. 7, 8, as added by Act May 9, 1918, § 1 (8 USCA §§ 376, 384, 388), notwithstanding enactment of new statute (Immigration Act 1924, §§ 3, 13 [a], 14, 15 [8 USCA §§ 203, 213–215], and section 31, subd. [c], being Comp. St. § 4289¾n), prior to time of re-entry.

2. Aliens ⊕⊃46—Return on American vessel of alien seaman having rights as citizen does not necessarily constitute new entry (18 USCA § 486; Immigration Act 1917, § 8 [8 USCA § 144]).

Return of alien seaman, having certain limited and qualified rights as American citizen, from foreign voyage to port of United States on American vessel, is not necessarily within rule, applicable to alien immigrants, that every entry constitutes a new entry, since application of rule would create irreconcilable conflict between Rev. St. § 5363 (18 USCA § 486), which punishes master intentionally leaving seaman in foreign port, and Immigration Act 1917, § 8 (8 USCA § 144), which punishes bringing into United States of alien not duly admitted.

Appeal from the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

Proceeding by the United States, on the relation of Patrick Lawrenson, for a writ of habeas corpus to secure relator's discharge from the custody of R. E. Kirk, Sheriff of Galveston County, Texas. From an order discharging relator, the sheriff appeals. Affirmed.

H. M. Holden, U. S. Atty., and D. Heywood Hardy, Asst. U. S. Atty., both of Houston, Tex., for appellant.

W. E. Price, of Galveston, Tex., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from an order on a writ of habeas corpus discharging appellee Lawrenson, who was being held in custody by appellant as sheriff for deportation under a warrant of arrest issued by the Secretary of Labor.

Lawrenson was born in Ireland, is able to read, write, and speak the English language, and has been a seaman for 18 years, except such time as he served in the English army during the World War. In 1919 he came to the United States as a seaman on a British vessel, and was passed by the United States immigration officials at the port of New York as an alien seaman entitled to shore leave. In August of 1919 he deserted the foreign vessel on which he entered, and thereafter continuously served as a seaman in and out of the United States upon American merchant vessels engaged in foreign trade until December 20, 1926, when upon his return from a foreign trip he was paid off at Baltimore. On January 8, 1927, he became a seaman on an American merchant vessel engaged in the coastwise trade, and on March

7, 1927, while employed as such, was apprehended by the immigration inspectors at Galveston. During the entire time of his service on American vessels he never engaged in any occupation other than that of seaman, and never lived ashore in the United States, except between voyages. He did not have in his possession when arrested an unexpired immigration visa, and had never been admitted to the United States as an immigrant for residence purposes; but in January, 1920, at the port of Norfolk, Va., he made declaration of his intention to become a citizen of the United States.

Appellant contends that appellee was subject to deportation under sections 3, 13 (a), 14, and 15 of the Immigration Act of 1924, 43 Stat. 153 (8 USCA §§ 203, 213–215), and a regulation adopted in pursuance thereof, which prohibits alien seamen from engaging in the coastwise trade. Section 3 defines the word "immigrant" to mean "any alien departing from any place outside the United States destined for the United States," with certain exceptions, including "a bona fide alien seaman serving as such on a vessel arriving at a port of the United States and seeking to enter temporarily the United States solely in the pursuit of his calling as a seaman." It is provided, by section 13 (a), that no immigrant shall be admitted unless he have an unexpired immigration visa; by section 14, that any alien not entitled to enter may be deported; and by section 15, that the admission of an alien seaman shall be for such time and under such conditions as may be prescribed by regulations. Section 31 (c), being Comp. St. § 4289¾n, provides that the rights to admission of any alien arriving in this country before July 1, 1924, shall be determined without regard to the provisions of the act.

[1] The argument is that appellee entered the United States at Baltimore on December 20, 1926, upon his return from a foreign voyage, and, on the theory that each entry constitutes a new entry, that he arrived in the United States subsequently to the effective date of the Immigration Act of 1924. The District Judge held, and as we think correctly, that the rights of appellee were governed by earlier statutes. Immigration Act 1917, § 34, 39 Stat. 896 (8 USCA § 166), provides: "That any alien seaman who shall land in a port of the United States contrary to the provisions of this act shall be deemed to be unlawfully in the United States, and shall, at any time within three years thereafter, upon the warrant of the Secretary of Labor, be taken into custody and brought

24 F.(2d)—5

before a board of special inquiry for examination as to his qualifications for admission to the United States, and if not admitted said alien seaman shall be deported," etc.

It thus appears that an alien seaman would be deported, not necessarily, but only if he did not have the qualifications for citizenship, and that he could not be deported because of his unlawful entry after the expiration of three years. Subdivision 7 of section 4 of the Naturalization Act of June 29, 1906, as added by Act May 9, 1918, c. 69, § 1, 40 Stat. 542, contains provisions (8 USCA § 388) to the effect that any alien who has served three years on merchant or fishing vessels of the United States, and while still in service on re-enlistment, may file his petition for naturalization upon proof of continuous residence within the United States for the three years immediately preceding. A proviso in that paragraph (8 USCA § 384) is to the effect that service by aliens upon foreign vessels shall not be considered as residence for naturalization purposes. Paragraph 8 of that amended section (8 USCA § 376) provides: "That every seaman, being an alien, shall, after his declaration of intention to become a citizen of the United States, and after he shall have served three years upon such merchant or fishing vessels of the United States, be deemed a citizen of the United States for the purpose of serving on board any such merchant or fishing vessel of the United States, anything to the contrary in any act of Congress notwithstanding; but such seaman shall, for all purposes of protection as an American citizen, be deemed such after the filing of his declaration of intention to become such citizen."

There is no requirement in the seventh paragraph that an alien seaman should establish a residence on land as a condition precedent to the filing of a petition for naturalization, and the proviso seems to imply that service upon vessels of American registry should be considered as residence within the United States for naturalization purposes. The declaration of intention authorized by the eighth paragraph does not presuppose any residence on land, but only requires the service of three years upon merchant or fishing vessels of the United States after the declaration of intention in order to entitle the alien seaman to be deemed a citizen of the United States for the purpose of serving on board such American vessels. Different requirements are thus made between alien seamen who make a declaration of intention and alien seamen who apply for final papers entitling them to full citizenship.

Whether the declaration of intention required by paragraph 8 must be supplemented by residence on land before an order of naturalization is authorized is not material; but it is sufficient that one who complies with that paragraph by making a declaration of intention and by serving three years thereafter on merchant vessels of American registry is entitled to be deemed a citizen of the United States for the purposes of pursuing his calling as seaman and receiving protection as an American citizen upon American merchant vessels, whether engaged in foreign or coastwise trade. That paragraph makes substantially the same provision as to alien seamen as does section 2174 of the Revised Statutes. These provisions of law place alien seamen in a class separate and apart from other immigrants.

[2] Appellee was not of an undesirable class, was qualified for admission under the Immigration Act of 1917, and was not subject to deportation for crime or for any other reason, unless it be that his return from a foreign voyage in 1926 was unlawful. It is contrary to all reason to suppose that every return of an alien seaman having rights as an American citizen, limited and qualified though such rights may be, from a foreign voyage to a port of the United States on an American vessel, should be within the ordinary rule that every entry constitutes a new entry. As was pointed out by the Circuit Court of Appeals for the Ninth Circuit in Weedin v. Banzo Okada, 2 F.(2d) 321, to so hold would result in an irreconcilable conflict between R. S. § 5363 (18 USCA § 486), which punishes the master of any vessel who without cause intentionally leaves a seaman in a foreign port, and section 8 of the Immigration Act of 1917 (8 USCA § 144), which punishes the bringing into the United States of an alien not duly admitted. Nagle v. Hansen (C. C. A.) 17 F.(2d) 557, decided by the same court, is also authority for the ruling of the district court in the instant case.

The opposite view finds some support in United States v. Curran, 16 F.(2d) 15, decided by the Circuit Court of Appeals for the Second Circuit; but that decision apparently recognizes that the case of Weedin v. Banzo Okada, supra, was correctly decided, and does not proceed on the theory that an alien seaman by making a foreign voyage on an American vessel loses any rights given him by statute, although it does hold that conviction of a crime involving moral turpitude overrides all such rights.

The order appealed from is affirmed.