### UNITED STATES ex rel. RIOS v. DAY, Commissioner of Immigration.

Circuit Court of Appeals, Second Circuit. March 5, 1928.

No. 235.

1. Aliens ⬤≈⊃53—Alien seaman, abandoning calling and remaining in United States longer than 60 days after entry, held deportable (Immigration Act 1924, §§ 14, 15, 19 [8 USCA §§ 214, 215, 166]; Immigration Rules July 1, 1925, rule 6, par. 2, subd. 1).

Alien seaman, who abandoned his calling as a seaman and remained in United States for more than 60 days subsequent to entry, in violation of Immigration Act 1924, § 19 (8 USCA § 166), and Immigration Rules July 1, 1925, rule 6, par. 2, subd. 1, *held* subject to deportation

under section 14 (8 USCA § 214), which, in view of section 15 (8 USCA § 215), applies to alien seamen.

**2. Aliens ⊂⇒57—Statute prohibiting bringing inadmissible aliens to country for purpose of gaining permanent admission is inapplicable to alien seaman (Immigration Law 1917, § 8 [8 USCA § 144]).**

Immigration Law 1917, § 8 (8 USCA § 144), making it a crime to bring an inadmissible alien to this country for purpose of enabling him to gain permanent admission, has no application to bringing in of alien seaman to this country, as distinguished from ordinary seaman.

**3. Aliens ⊂⇒57—Master may bring bona fide alien seamen for purpose of permanent admission or employment on outgoing vessel, provided notice is given immigration officials (Immigration Act 1917, § 33 [8 USCA § 168]; § 32, as amended by Immigration Act 1924; § 20 [d], 43 Stat. 165).**

It is no offense for master of vessel to bring bona fide alien seaman to this country for purpose of seeking permanent admission, or to permit him to land for purpose of obtaining employment on outgoing vessel, provided notice be given to immigration officials, as required by Immigration Act 1917, § 33 (8 USCA § 168), and section 32, as amended by Immigration Act 1924, § 20 [d], 43 Stat. 165.

Appeal from the District Court of the United States for the Southern District of New York.

Habeas corpus, by the United States, on the relation of Salvatore Rios, against Benjamin M. Day, Commissioner of Immigration at the Port of New York. The writ was dismissed, and relator appeals. Affirmed.

Francis E. Hamilton, of New York City, for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (Edward Feldman, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge. Appellant first came to this country, as an alien, from Panama, in the service of a steamship as a seaman, arriving in July, 1918. He continued as a seaman, making trips to foreign ports and return on American vessels, arriving the last time on September 25, 1925. He was paid off and remained here until placed under arrest for deportation on December 18, 1926. After due hearings, he was ordered deported. He sued out a writ of habeas corpus, which was dismissed below, and appeals from the order entered thereon.

[1] Bona fide seamen are not immigrants, within the Immigration Act of 1924, for section 3 (8 USCA § 203) provides that "im-migrant" means an alien departing from any place outside of the United States, but a seaman, seeking to enter temporarily into the United States solely in pursuit of his calling as a seaman, is excepted. Section 14 of the Immigration Act of 1924 (8 USCA § 214; Comp. Stat. § 4289¾g) provides that any alien, who at any time after entry of the United States is found to have been at the time of entry not entitled, under the act, to enter the United States, or to have remained therein for a longer period than that permitted under the act or regulations made thereunder, shall be taken into custody and deported in the same manner as provided for by sections 19 and 20 of the Immigration Act of 1917 (8 USCA §§ 155, 156). There is excepted therefrom an alien child under 16 years of age, who may be admitted under certain conditions. That this act is retroactive is evident from the proviso in the section which exempts from the operation thereof aliens under 16 years of age who are the children of citizens, and who have previous to the enactment of the Immigration Act of 1924, been temporarily admitted to the United States. It is also apparent that all aliens who, subsequent to the Immigration Act of 1924, were found to have remained in the United States for a longer period than that permitted by the act, or the regulations thereunder, may be deported, whether their original entry occurred prior to or subsequent to the enactment.

Section 15 of the same Immigration Act (8 USCA § 215) specifically includes alien seamen, for it refers to the admission of aliens excepted from the class of immigration referred to in section 3, and who are declared to be nonquota immigrants by subdivision (e), § 4 (8 USCA §§ 203, 204). Under section 15, their admission is permitted for such time and under such conditions as may be by regulations prescribed, by giving a bond with sufficient security and under the conditions named therein, which are to insure that, at the expiration of such time, or upon failure to attain the status under which they may be admitted, they will depart from the United States. Section 19 of the act of 1924 (8 USCA § 166) provides that "no alien seaman excluded from admission into the United States under the immigration laws and employed on board any vessel arriving in the United States from any place outside thereof, shall be permitted to land in the United States, except temporarily for medical treatment, or pursuant to such regulations as the Secretary of Labor may

prescribe for the ultimate departure, removal, or deportation of·such alien from the United States."

Under the authority of this section, the Commissioner of Immigration provided in his regulation that, where a bona fide alien seaman serving as such on a vessel arriving at a port of the United States, and permitted to enter temporarily the United States as a nonimmigrant pursuant to subdivision 5 of section 3 of the Immigration Act of 1924, solely in pursuit of his calling as a seaman, engages in any other calling or occupation for hire or profit, or enters into the coastwise trade of the United States, or remains within the United States for more than 60 days after such entry, he shall be deemed to have abandoned his status as a nonimmigrant within the meaning of said subdivision 5 of section 3 of the Immigration Act of 1924, and shall be taken into custody and deported at any time thereafter in accordance with the provisions of section 14 of said act. Paragraph 2, subd. I, of· rule 6 of the Immigration Rules of July 1, 1925.

The appellant abandoned his calling as a seaman and remained here for more than 60 days subsequent to his entry of September, 1925, and, if section 19 and this regulation made thereunder are applicable, he was properly deported under section 14 of the act of 1924. But the appellant refers to Nagle v. Hansen (C. C. A.) 17 F.(2d) 557, as authority for his claim that section 14 of the act of 1924 does not apply to alien seamen. There an alien seaman shipped from New York on a voyage to Buenos Aires and return, but the vessel proceeded to Holland and then to Norway, where the alien left the vessel because it remained in Norway. He was entitled to return passage to New York at the company's expense, and arrived July 5, 1921. He entered as "admitted in transit." On July 19, 1921, he declared his intention to become a citizen of the United States, and became employed on a merchant vessel of United States registry for coastwise trade, and when arrested on April 16, 1926, had been engaged as such for more than three years. It was sought to deport him, for the reason that he had not been admitted under the quota from Norway, the country of his nativity, for the fiscal year ending June 30, 1922. He was ordered deported, and his writ of habeas corpus was sustained. The court held that Immigration Act of 1917, § 34 (8 USCA § 166; Comp. St. § 4289¼s), barring deportation of an alien seaman three years after unlawfully landing in the United States, created a special limitation in favor of a

special class, and was not repealed by Immigration Act 1924, § 14, and this especially because of the provision of Naturalization Act 1906, § 4, subds. 7 and 8, as amended (Comp. Stat. § 4352).

If section 14 of the Immigration Act does not apply to alien seamen, then, in the instant case, deportation must rest on some other section of the immigration acts. In the Hansen Case, it is not clear that he entered the country after 1924. His entry appears to have been in 1921, and he was in the country three years subsequent to his last entry in that year, and deportation was barred by virtue of section 34 of the Immigration Act of 1917. Such was our decision in U. S. ex rel. Danikas .v. Day (C. C. A.) 20 F.(2d) 733, where we held that an alien seaman, who entered this country prior to the Immigration Act of 1924 and remained for a period of more than three years, could not be deported on any ground for deportation that existed at the time of his entry.

But it is clear to us that section 15 of the Immigration Act of 1924 referred to indicates that Congress intended section 14 to apply to alien seamen. While, under section 34 of the Immigration Act of 1917, deportation of an alien seaman could not be effective unless some independent ground for deportation existed (U. S. ex rel. Gioia v. Curran [D. C.] 11· F.[2d] 904; In re Lackides [D. C.] 10 F.[2d] 980), under section 14 of the act of 1924, deportation may be effected because of the fact that the seaman remained here longer than the temporary period allowed. This appellant abandoned his calling as a seaman, which alone gave him the right to stay for a temporary period·only. If he remained longer, by virtue of section 19, he was subject to deportation. His last entry in September, 1925, controls the limitation as to when he may be deported. U. S. ex rel. Claussen v. Curran (C. C. A.) 16 F.(2d) 15. His other entries are unimportant.

This court in the Claussen Case considered the Petition of Hersvik (D. C.) 1 F.(2d) 449, Weedin v. Banzo Okada (C. C. A.) 2 F.(2d) ·321, and Ex parte T. Nagata (D. C.) 11 F.(2d) 178, and distinguished each of them, saying: "Clearly he (Claussen) was not in the United States during the voyage; equally clearly he entered the United States in March, 1918. The question before us is neither, as in Weedin v. Banzo Okada (C. C. A.) 2 F.(2d) 321, whether within other sections of the act that entry was legal or illegal, nor, as in Petition of Hersvik (D. C.) 1 F.(2d) 449, whether by making such a voyage he lost any rights given under other-

sections of the act to return to the United States." See Ex parte T. Nagata (D. C.) 11 F.(2d) 178.

[2, 3] It may be observed, too, that section 5363 of the Revised Statutes (18 USCA § 486) makes it a crime for the master of the vessel, without jurisdiction, to force any sailor to leave his vessel while the vessel is in a foreign port, and that section 8 of the Immigration Law of 1917 (8 USCA § 144) makes it a crime to bring an inadmissible alien to this country for the purpose of enabling him to gain permanent admission. This section, of course, has no application to the bringing in of alien seamen to this country, as distinguished from the ordinary seaman. It is no offense to bring a bona fide alien seaman to this country, or to permit him to land pursuant to his calling, and for the purpose of obtaining employment on an outgoing vessel, if notice thereof be given to the immigration officials at the port of arrival. This is provided for in section 33 of the act of 1917 (8 USCA § 168). The offense is not in bringing the seaman to these shores on a vessel, but in allowing him to land without examination. If the master has knowledge that the seaman is about to land, and merely for the purpose of reshipping in foreign service, he must give notice pursuant to section 33 of the Immigration Act of 1917. If he knows that the seaman is about to land for the purpose of seeking permanent admission to this country, he must detain him on board pending examination by immigration officials, pursuant to the provisions of section 32 of the Immigration Act of 1917, as amended by section 20 of the Immigration Act of 1924 (43 Stat. 165). The crime arises when the seaman, whether admissible or inadmissible, is permitted to land without compliance with the statute.

Section 19 of the act of 1924 as supplemented by the regulation of the Commissioner of Immigration referred to, clearly gave authority for deporting this appellant.

Order affirmed.