## CELLAMARE v. DAY, Commissioner of Immigration.

District Court, S. D. New York. February 14, 1929.

De Pasquale & Marcantonio, of New York City, for petitioner.

Charles H. Tuttle, U. S. Atty., of New York City (Edward Feldman, Asst. U. S. Atty., of New York City, of counsel), for respondent.

THACHER, District Judge. ▮▮▮ The relator, an alien seaman, having on August 1, 1924, been permitted to land temporarily in the United States pursuant to section 19 of the Immigration Act of 1924 (8 USCA § 166) and the regulations promulgated thereunder, and having remained here for a longer time than permitted by the regulations, may be taken into custody and deported at any time after his entry, pursuant to section 14 of said act (8 USCA § 214). The limita-

tion contained in section 34 of the Immigration Act of 1917 (8 USCA § 166) can have no application, because in terms it applies only to alien seamen whose landing was contrary to the provisions of the Act of 1917. While the provisions of section 34 of the Act of 1917 have not been repealed [Nagle v. Hansen, 17 F.(2d) 557 (C. C. A. 9)] and are still effective in so far as alien seamen who arrived in this country prior to the enactment of the Immigration Act of 1924 are concerned [U. S. ex rel. Danikas v. Day, 20 F.(2d) 733 (C. C. 2)], the effect of the later enactment was not to extend the provisions of section 34 of the earlier act to alien seamen temporarily admitted under section 19 of the Act of 1924, who in violation of the regulations remain beyond the term of their temporary admission. In U. S. ex rel. Rios v. Day, 24 F.(2d) 654 (C. C. A. 2), although the special limitation of three years prescribed by section 34 of the Act of 1917 for aliens coming within its terms was not involved, the provisions of that section, requiring as a condition of deportation examination of the seaman's qualification for admission and a finding of some ground for ex-

clusion other than his unlawful entry, was held not applicable in the case of a seaman temporarily admitted pursuant to section 19 of the Act of 1924, who had overstayed his term of temporary admission; and the relator in that case was held subject to deportation under section 14 of the Act of 1924, although no independent ground for deportation existed. In principle this case is controlling.

It may be added that the codifiers of the United States Code have included in one section (title 8 [8 USCA] § 166) the provisions of section 19 of the Act of 1924 and the provisions of section 34 of the Act of 1917, with some change of language which conveys the impression that deportation of alien seamen under section 19 of the later act is limited by the special limitation contained in section 34 of the earlier act. But by express provision of the enacting clause of the United States Code, the codification neither amends, repeals, nor adds to the pre-existing statutes.

Accordingly, the writ is dismissed, and the relator is remanded to the custody of the respondent.