## Ex parte BILDT.

### BILDT v. CARR, District Director of Dist. No. 31, U. S. Immigration Service.

Circuit Court of Appeals, Ninth Circuit.
May 27, 1929.

No. 5695.

J. Edward Keating and Theodore E. Bowen, both of Los Angeles, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and Gwyn S. Redwine, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. Herman Bildt, an alien, appeals from an order denying his application for a writ of habeas corpus and remanding him to the custody of the Immigration Service for deportation. The facts are not in dispute. As a German

seaman on the steamship Kosmos, appellant came to the port of San Pedro, Cal., on July 20, 1925. There, because of the insolvency of her owner, the steamship became stranded, and her crew, including appellant, was discharged. Upon inspection, the immigration officers permitted them to land for 60 days, to reship foreign. Not being able so to reship within the specified period, appellant engaged as a seaman on a coastwise boat, and in other employments, for means of sustenance. On August 31, 1928, he was taken into custody by the Immigration Service, and on the following day, upon the information thus obtained, a warrant was issued charging him with remaining in the United States "for a longer period than is permitted under the immigration laws or regulations made thereunder." Following a hearing, a warrant was issued for his deportation.

The only question raised is whether the right to deport was barred by the statute of limitations. Appellant contends that section 14 of the Immigration Act of 1924 (8 USCA § 214), prescribing a 5-year period, did not repeal section 34 of the 1917 act (8 USCA § 166), prescribing a 3-year period (Nagle v. Hansen [C. C. A.] 17 F.(2d) 557, In re Lackides [D. C.] 10 F.(2d) 980), and that therefore the case is subject to the earlier act. The conclusion does not necessarily follow, for, under the construction adopted in the Hansen decision, the subject-matter of the two provisions is not identical, and the admitted facts bring the case easily within the reach of the later provision, whereas some strain is required to bring it within the terms of the earlier act. The language of the 1917 act is: "That any alien seaman who shall land in a port of the United States contrary to the provisions of this Act shall be deemed to be unlawfully in the United States, and shall, at any time within three years thereafter, upon the warrant of the Secretary of Labor, be taken into custody," etc.

The difficulty of application arises out of the fact that the initial "landing" of the appellant was not unlawful but pursuant to permission duly given by the immigration officials. But, if we assume its applicability, during the sixty days covered by the permit the Immigration Service had no right to proceed against him. His "landing" became unlawful only upon the termination of that period, and hence it must be held that the period prescribed by it did not commence to run until September 30, 1925, less than 3 years prior to his arrest for deportation.

This precise question was not decided or considered in United States v. Day (D. C.) 18 F.(2d) 781, United States v. Day (C. C. A.) 20 F.(2d) 733, or Hurst v. Nagle (C. C. A.) 30 F.(2d) 346, cases relied upon by appellant.

It follows that under neither act was the right to deport barred, and accordingly the order dismissing the writ is affirmed.