**ZURBRICK, District Director of Immigration, et al., v. TRAICOFF.**

No. 5514.

Circuit Court of Appeals, Sixth Circuit.
March 14, 1930.

Donald B. Frederick, of Detroit, Mich., for appellants.

John G. Romanoff, of Detroit, Mich., for appellee.

Before MOORMAN and HICKS, Circuit Judges, and ANDERSON, District Judge.

MOORMAN, Circuit Judge.

Traicoff, a citizen of Jugoslavia, shipped from a port in Belgium, as a fireman on a freight boat, to the port of New York. He arrived at the latter port in October of 1924, went ashore pursuant to regulations issued under the Immigration Act of 1924, and deserted his vessel. Having been arrested November 28, 1928, on a warrant of deportation

directing that he be deported, he instituted this proceeding in the District Court for the Eastern District of Michigan and was discharged from the custody of the immigration officials on a writ of habeas corpus.

It may well be doubted that Traicoff was ever a bona fide seaman, but if he was, he abandoned his calling upon his entry into the port of New York. It is his contention that section 34 of the Immigration Act of 1917 (8 USCA § 166) determines the time limitation in which alien seamen may be deported; that the Act of 1924 is in addition to and not in substitution for the earlier act (8 USCA § 223); and that section 14 of the Act of 1924 (8 USCA § 214) must be regarded as relating to aliens other than alien seamen, who by the earlier act are placed in a special class, and who, under section 34 thereof, can not be deported after the lapse of three years from the date of their entry.

The contention stated above was sustained by the Ninth circuit in Nagle v. Hansen (C. C. A.) 17 F.(2d) 557. With great deference to the court which rendered that opinion, we are unable to concur in its conclusions. Compare Bildt v. Carr, 32 F.(2d) 894 (9 C. C. A.). Traicoff is undoubtedly an alien within the meaning of that term as defined by section 28(b) of the Act of 1924 (8 USCA § 224(b). His entry was made subsequent to the effective date of that act. While that act did not repeal section 34 of the Act of 1917, it undertook to deal with alien seamen. Section 15 of the act (8 USCA § 215) provides that the admission of aliens excepted from the class of immigrants under other designated provisions, including the one excepting alien seamen, shall be for such time and under such conditions as may be by regulations prescribed; and section 19 (8 USCA § 166) provides that alien seamen excluded from admission under the Immigration Laws, as Traicoff was, shall not be permitted to land in this country except temporarily for medical treatment, or pursuant to such regulations as the Secretary of Labor may prescribe for their ultimate departure, removal, or deportation. Pursuant to the authority of section 19, the Secretary of Labor, in September of 1924, issued a general order providing inter alia that if any alien seamen "permitted to enter temporarily the United States" should remain in this country for more than sixty days after his entry, he should be deemed to have abandoned his status as a nonimmigrant, and should be taken into custody and deported "at any time thereafter"

in accordance with the provisions of section 14 of the Act of 1924.

It was only by virtue of the Act of 1924, and the regulations thereunder authorized, that Traicoff was permitted to enter the country, and clearly that act was meant to apply, not only to his entry, but also to the time in which he might be deported. Though seemingly unnecessary to a decision of the case that was the view that was taken by the Second circuit in United States v. Day (C. C. A.) 24 F.(2d) 654, and in our opinion it is correct. Indeed, section 34 of the Act of 1917 by its terms is limited to alien seamen who "land" in the United States contrary to the provisions of that act, and does not in our opinion apply to alien seamen temporarily admitted under regulations issued pursuant to section 19 of the Act of 1924, and who remain in this country beyond the time therein allowed.

The order sustaining the writ is accordingly reversed, and the cause remanded for further proceedings consistent herewith.