'FOUCH, Acting Com'r of Immigration, v. CUIMAN.

No. 3062.

Circuit Court of Appeals, Fourth Circuit.

April 25, 1931.

O. N. Forrest, Asst. U. S. Atty., of Baltimore, Md., for appellant.

Erwin I. Feldman, of Baltimore, Md., for appellee.

Jacob L. Morewitz, of Newport News, Va., amicus curiæ.

Before PARKER and NORTHCOTT, Circuit Judges, and GLENN, District Judge.

PARKER, Circuit Judge.

This is an appeal from an order discharging from custody one Teodoro Cuiman, an alien seaman and a citizen of Venezuela, held by the immigration authorities under a warrant of deportation. Cuiman's last entry was at the port of New York on August 30, 1926. He has since been engaged as a seaman in coastwise shipping on board American vessels. On March 29, 1930, he was arrested under a warrant issued by the Secretary of Labor and his deportation was ordered pursuant to the provisions of the Immigration Act of May 26, 1924. He sued out a writ of habeas corpus before one of the District Judges at Baltimore; and from an order directing his discharge the Acting Commissioner of Immigration at that port who had him in custody has appealed.

Section 19 of the Act of May 26, 1924,

43 Stat. 164 (8 USCA § 166), is as follows: "No alien seaman excluded from admission into the United States under the immigration laws and employed on board any vessel arriving in the United States from any place outside thereof, shall be permitted to land in the United States, except temporarily for medical treatment, or pursuant to such regulations as the Secretary of Labor may prescribe for the ultimate departure, removal, or deportation of such alien from the United States."

The Immigration Rules of July 1, 1925, provide: "Where a bona fide alien seaman, serving as such on a vessel arriving at a port of the United States, and permitted to enter temporarily the United States as a non-immigrant pursuant to subdivision (5) of section 3 of the Immigration Act of 1924, solely in pursuit of his calling as a seaman, engages in any other calling or occupation for hire or profit, or enters into the coastwise trade of the United States, or remains within the United States for more than 60 days after such entry, he shall be deemed to have abandoned his status as a non-immigrant within the meaning of said subdivision (5) of section 3 of the Immigration Act of 1924, and shall be taken into custody and deported at any time thereafter in accordance with the provisions of Section 14 of said Act."

Section 14 of the Immigration Act of May 26, 1924, 43 Stat. 162 (8 USCA § 214), provides as follows: "Any alien who at any time after entering the United States is found to have been at the time of entry not entitled under this Act to enter the United States, or to have remained therein for a longer time than permitted under this Act or regulations made thereunder, shall be taken into custody and deported in the same manner as provided for in sections 19 and 20 of the Immigration Act of 1917. * * *"

■ Cuiman was an alien excluded from admission into the United States under the immigration laws. As a seaman he was permitted to land temporarily under the regulations; but he abandoned his status as a non-immigrant under these when he engaged in the coastwise trade. Schmucker v. Martinez (C. C. A. 4th) 37 F.(2d) 315. This followed also from his remaining in the United States more than sixty days after entry. He was therefore subject to deportation under the express terms of section 14, quoted above.

■ It is argued that section 34 of the Immigration Act of 1917 (8 USCA § 166) places alien seamen in a special class and that as to them the three-year limitation prescribed by that section applies, so that they cannot be deported unless proceedings for that purpose be instituted within the three-year period. The Supreme Court, however, has expressly decided the question thus presented contrary to the contention of petitioner, in the recent case of Philippides v. Day, 51 S. Ct. 358, 359, 75 L. Ed. ——. In that case the court, speaking through Mr. Justice Holmes, said: " 'Any alien' in section 14 of the act of 1924 [8 USCA § 214] includes alien seamen on its face and by the definition in section 28, Id. (8 USCA § 224). It is obvious that the petitioner, whether he entered rightfully or wrongfully, remained in the United States longer than he was permitted to by the law. He deserted after the act of 1924 was in effect. The regulations under sections 15 and 19 of the act of 1924 (8 USCA §§ 166, 215) allowed only sixty days to alien seamen permitted to enter. If he entered without permission he was not entitled to more. It seems to us too clear to need argument that the limitation of three years in section 34 of the act of 1917 does not override or qualify the clear and definite terms of section 14 of the act of 1924. Those terms must prevail. Zurbrick v. Traicoff (C. C. A.) 38 F.(2d) 811. United States ex rel. Cateches v. Day (C. C. A.) 45 F.(2d) 142."

It should be stated in fairness to the learned judge below that the order discharging petitioner was entered prior to the foregoing decision of the Supreme Court, and in reliance upon the decision in Nagle v. Hansen (C. C. A. 9th) 17 F.(2d) 557. Nevertheless, there was error in the order, and the same must be reversed.

Reversed.