**UNITED STATES ex rel. GOVORSHIN v. SMITH, District Director of Immigration.**

No. 4501.

Circuit Court of Appeals, Seventh Circuit.

April 29, 1931.

Jose Carlos Soriano, of East Chicago, Ind., for appellant.

Thomas Dodd Healy, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

Alien, a citizen of Jugo-Slavia, landed in Baltimore October 20, 1926, as a seaman from the S. S. Isabo, of Italian registry. He thereafter deserted his ship and his calling, and proceeded inland to Indiana Harbor, Ind.

On May 22, 1930, he was arrested on a warrant charging him with being in the United States in violation of the Immigration Act of May 26, 1924 (8 USCA §§ 145, 146, 166, 167, 179, 201–226, 229), in that he remained in the United States for a longer time than permitted by the act or the regulations thereunder. A hearing was had on May 22, 1930, the charges were sustained, and a warrant of deportation was issued. The alien thereupon filed his petition in the District Court for a writ of habeas corpus, the writ was issued, a hearing had, and the petition dismissed.

The only question involved in the appeal is whether the Secretary of Labor is barred from deporting alien by reason of the three-year period of limitation contained in section 34 of the Act of February 5, 1917, 39 Stat. 896 (8 USCA § 166).

Section 14 of the Act of May 26, 1924, 43 Stat. 162, 8 USCA 214, contains the following: "Any alien who at any time after entering the United States is found to have been at the time of entry not entitled under this Act to enter the United States, or to have remained therein for a longer time than permitted under this Act or regulations made thereunder, shall be taken into custody and deported in the same manner as provided for in sections 19 and 20 of the Immigration Act of 1917: * * *"

Paragraph 2, subd. I, of rule 6 of the regulations of the Commissioner of Immigration, is as follows: "Where a bona fide alien seaman, serving as such on a vessel arriving at a port of the United States, and permitted to enter temporarily the United States as a nonimmigrant pursuant to subdivision (5) of section 3 of the immigration act of 1924 solely in pursuit of his calling as a seaman, engages

in any other calling or occupation for hire or profit, or enters into the coastwise trade of the United States, or remains within the United States for more than 60 days after such entry, he shall be deemed to have abandoned his status as a nonimmigrant within the meaning of said subdivision (5) of section 3 of the immigration act of 1924, and shall be taken into custody and deported at any time thereafter in accordance with the provisions of section 14 of said act."

Alien contends that section 34 of the Act of February 5, 1917, 39 Stat. 896 (8 USCA § 166), is applicable to and controls the facts as above set forth. That part of the paragraph which it is claimed pertains to the subject-matter before us is as follows: "That any alien seaman who shall land in a port of the United States contrary to the provisions of this Act shall be deemed to be unlawfully in the United States, and shall, at any time within three years thereafter, upon the warrant of the Secretary of Labor, be taken into custody * * *"

We think the act of 1917 is not applicable to the instant case. The uncontroverted facts bring the case squarely within the provisions of the act of 1924, and the regulations of the Commission of Immigration relative thereto, which clearly give authority for deporting this alien. United States ex rel. Rios v. Day (C. C. A.) 24 F.(2d) 654; Cellamare v. Day (D. C.) 32 F.(2d) 623; United States ex rel. Piccolella v. Day (C. C. A.) 36 F.(2d) 1022; United States ex rel. Philippides v. Day (C. C. A.) 37 F.(2d) 1015, (affirmed by the Supreme Court, 51 S. Ct. 358, 75 L. Ed. ——, March 23, 1931); Zurbrick v. Traicoff (C. C. A.) 38 F.(2d) 811.

The decree of the District Court is affirmed.