Ex parte **YOSHINOBU MAGAMI.**

No. 10188.

District Court, S. D. California, Central Division.

March 13, 1931.

J. Edward Keating and Theodore E. Bowen, both of Los Angeles, Cal., for petitioner.

Samuel W. McNabb, U. S. Atty., and Milo E. Rowell, Asst. U. S. Atty., both of Los Angeles, Cal., for respondent.

JAMES, District Judge.

Petitioner is a Japanese person and a subject of Japan. He entered the United States on August 10, 1924, unlawfully, and has since remained in the country. He was arrested by the immigration officers about July 29, 1930, under the charge that he was an alien, ineligible to citizenship, not exempt, and that his presence in the United States was in violation of the Immigration Act of 1924 (8 USCA § 201 et seq.). After hearing had, a warrant of deportation was duly issued.

There is no dispute as to the facts stated. The sole contention of petitioner is that having been in the United States for a period in excess of five years, he cannot be deported. The law under which the deportation was ordered is that of May 26, 1924, codified as section 214, title 8, USCA. That section in its material parts reads as follows:

"Any alien who at any time after entering the United States is found to have been at the time of entry not entitled under this subchapter to enter the United States, or to have remained therein for a longer time than permitted under this subchapter or regulations made thereunder, shall be taken into custody and deported in the same manner as provided for in sections 155 and 156 of this title. * * *"

Section 155, referred to, is that enacted in the General Immigration Law of February 5, 1917. It provides for deportation within five years of aliens for various causes. Section 156, a part of the 1917 law, prescribes the mode of deportation and the country to which deportation shall be ordered.

 Counsel for petitioner argues that section 214, if it repeals section 155 in any part, does so only by implication and that such repeal is not to be adjudged, in the absence of express direction to that effect, unless the conclusion is irresistible. It is true enough that under well-known rules of statutory construction, repeals by implication are not favored. It is nevertheless just as definitely a rule that where the later statute is clearly and distinctly inconsistent with the earlier condition of the law the last enactment will control. We are not concerned with reasons why the later statute was enacted, but it may be understood from the history of restrictive immigration legislations made during more recent years by Congress that this law was intended to further that purpose. To my mind, the 1924 act needs no interpretation by comparison with any other provision of the statute. It definitely states that the alien who "at any time after entering the United States" is found to have been "at the time of entry" not entitled to enter shall be deported. The qualifying clause which contains the reference to sections 155 and 156, 8 USCA (the 1917 statute) refers only to the manner of deportation. As has been before noted, the words of reference are to the effect that the aliens shall be "deported in the same manner" as is provided in sections 155 and 156. There is in that language no hint that the opening sentence of the statute shall be qualified as to the time within which such deportation must be ordered after entry. Section 155 deals with a variety of conditions, many of them referring to acts committed after the alien has been lawfully admitted into the United States. Section 215 (8 USCA) deals separately with persons who are shown not to have been entitled to entry at the time they came into the country or who have overstayed the period during which they are permitted to remain. Thus the two sections of the law are to be enforced, each applicable to the conditions to which their restrictions apply.

It follows that the petitioner is not entitled to discharge, and he is remanded to the custody of the immigration officers to be deported in accordance with the warrant issued.