## PHILIPPIDES *v.* DAY, COMMISSIONER OF IMMIGRATION.

No. 92.   Argued March 2, 1931.—Decided March 23, 1931.

*Messrs. Thomas A. Kane* and *George C. Vournas* sub-
mitted the cause for petitioner.

*Mr. Claude R. Branch,* Special Assistant to the At-
torney General, with whom *Solicitor General Thacher* and
*Messrs. Harry S. Ridgely* and *W. Marvin Smith* were on
the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the
Court.

The petitioner was arrested in New York on December
19, 1928, and after a hearing was ordered to be deported
to Greece, on the ground that he had remained in the
United States for a longer time than permitted under the
Immigration Act of 1924 or the regulations made under
it. He is a native of Greece; shipped from that country
as a seaman and arrived at New York on September 10,
1925, when he deserted, and has remained in this country
ever since, that is, for more than three years before the
arrest. He sued out a writ of habeas corpus, setting up
the Immigration Act of February 5, 1917, c. 29, § 34, 39
Stat. 874, 896, as a statute of limitation entitling him to
remain. The writ was ordered to be dismissed by the
District Court and the order was affirmed by the Circuit
Court of Appeals for the Second Circuit. 37 F. (2d)
1015, citing *United States ex rel. Piccolella* v. *Commis-
sioner of Immigration,* 36 F. (2d) 1022, which in turn
cites *United States ex rel. Rios* v. *Day,* 24 F. (2d) 654.
A contrary decision was reached by the Circuit Court for
the Ninth Circuit in *Carr, Director of Immigration,* v.
*Zaja,* 37 F. (2d) 1016, and writs of certiorari were granted
by this Court.

Section 34 of the Act of 1917 provides that " any alien
seaman who shall land in a port of the United States con-
trary to the provisions of this Act shall be deemed to be
unlawfully in the United States, and shall, at any time

within three years thereafter, . . . be taken into custody" and upon the conditions there stated shall be deported. It may be assumed that under this statute the time within which a seaman can be arrested for deportation is limited to three years from the date of entry. But by the Immigration Act of May 26, 1924, c. 190, § 14, 43 Stat. 153, 162, "Any alien who at any time after entering the United States is found to have been at the time of entry not entitled under this Act to enter the United States, or to have remained therein for a longer time than permitted under this Act, or regulations made thereunder," is to be deported in the same manner as provided for in §§ 19, 20, of the Immigration Act of 1917. It is argued elaborately for the petitioner, and is conceded by the Government, that § 34 of the earlier Act is not repealed by the later one. See § 25 of the latter. For the purposes of this case we may assume this to be true, and that, in accordance with this § 25, the earlier Act § 34 is in force if not inapplicable. But we cannot accept the conclusion that deserting alien seamen are thereby made a favored class to be retained in this country when other aliens would be compelled to leave. "Any alien" in § 14 of the Act of 1924 includes alien seamen on its face and by the definition in § 28, *ibid.* It is obvious that the petitioner, whether he entered rightfully or wrongfully, remained in the United States longer than he was permitted to by the law. He deserted after the Act of 1924 was in effect. The regulations under §§ 15 and 19 allowed only sixty days to alien seamen permitted to enter. If he entered without permission he was not entitled to more. It seems to us too clear to need argument that the limitation of three years in § 34 of the Act of 1917 does not override or qualify the clear and definite terms of § 14 of the Act of 1924. Those terms must prevail. *Zurbrick* v. *Trinkoff,* 38 F. (2d) 811. *United States ex rel. Cateches* v. *Day,* 45 F. (2d) 142.

*Judgment affirmed.*