284 U.S. 590
 52 S.Ct. 132
 76 L.Ed. 509
 UNITED STATES
v.
VANBIERVLIET.
 No. 163.
 Supreme Court of the United States
 December 14, 1931
 
 Statement of Facts.
 The sole question is whether the Philippides Case, 283 U. S. 48, 51 S. Ct. 358, 75 L. Ed. 833 (decided by the Supreme Court March 23, 1931), and its result are controlling here. Having concluded to certify this to the Supreme Court, we state the important facts:
 The alien entered the United States at Detroit on July 14, 1924, without any immigration visa, thus entering in violation of section 13 of the Immigration Act of 1924 (title 8, § 213 USCA). He was arrested for deportation January 3, 1930; and the warrant of deportation, based upon the finding 'that he was not, at the time of his entry into the United States, in possession of an unexpired immigration visa,' was issued February 17, 1930. Upon his petition for habeas corpus the District Court at Detroit discharged him from custody, because the period of limitation provided by section 19 of the Immigration Act of 1917 (title 8, § 155, USCA) had expired. From that order of discharge the government has appealed.
 Question Certified.
 Upon these facts, and for the proper decision of the cause, we desire the instructions of the Supreme Court upon this question:
 'On January 3, 1930, did section 19 of the Immigration Act of 1917 (section 155, tit. 8, USCA) by its time limitations bar the deportation proceedings?'
 A. C. DENISON, CHAS. H. MOORMAN, XEN HICKS, Circuit Judges.
 
 
 1
 Statement of Conflicting Considerations.
 
 
 2
 For such convenience, if any, as it may be to the Supreme Court, we state briefly the conflicting considerations, developed by our study, which have led us to certify.
 
 
 3
 The record shows that the alien entered without inspection as well as without immigration visa. He was therefore for that reason (at least before the act of 1924) deportable only within three years after his entry, under that portion of the first sentence of section 19 (8 USCA § 155), which follows the last semicolon; but neither the warrant of arrest nor the warrant of deportation charges entry without inspection. He was also in 1930 'found (to be) in the United States' in violation of that law of the United States (section 13, Act of 1924, § 213, tit. 8, USCA) which forbade entry without an immigration visa. He was therefore, at any time within five years after entry, deportable under the first clause of section 19. Entry without inspection not being charged, all parties have assumed that the five-year limitation is the one applicable, if any is.
 
 
 4
 In one view it may seem that the language of section 14 of the Act of 1924 (section 214, tit. 8, USCA), 'at any time,' is clear, and that the Philippides Case cannot be distinguished. In the other view it is to be observed that the precise question in the Philippides Case was whether section 34 of the act of 1917 (39 Stat. 896 (8 USCA § 166 and note)) had been repealed by this section 14; that this (34) was a specific statute referring to a particular class, which was or might be entitled to admission for a limited time; that the act of 1924, permitting deportation 'at any time,' expressly reached this same specific class, the class in which Philippides belonged, by its reference to aliens who had remained for a longer time than permitted by regulation; that this section 34 of the act of 1917, which contained the provision for deportation of this particular class within three years, was omitted in the act of 1924, although the subject-matter, alien seamen, was specifically covered by its sections 19 and 20 (8 USCA §§ 166, 167); and hence that the reasons which thus required holding that the particular limitation of section 34 had been repealed do not necessarily apply to the entire scheme of varying limitations provided by section 19 of 1917, nor surely support the inference of congressional intent to abandon entirely the long-observed plan of providing varying appropriate limitations for these varying proceedings.
 
 
 5
 We note further that section 14 of the act of 1924 (8 USCA § 214) makes no possibly preservative reference to section 34 of the act of 1917, but does refer to and recognize the continued existing force of section 19 of the act of 1917. True, it says 'in the manner provided by'; but may not 'time when' well be a part of 'in the manner provided by'? And if reference was intended only to forms of procedure, would section 19 have been included, for section 20 is the one which provides forms?
 
 
 6
 We find also that in the 68th Congress there was introduced (January 25, 1925, H. R. 11796), passed by the House, and sent to the Senate a bill which was a general revision of the immigration law, and that the committee reports and the discussions indicate that one purpose was to extend or repeal the limitations of section 19 of the Act of 1917, which limitations were clearly then understood to be in force. Apparently some of the limitations were still to be preserved. In the 69th Congress several bills were introduced, one of which (H. R. 12444) passed the House. This apparently extended certain of the supposedly existing time limitations of section 19, and it was said to be a compromise between those who opposed any extension and those who wished to have no limitation. It seems that similar bills have been considered in later Congresses, indicating with more or less certainty the congressional and departmental understanding. There is also a considerable body of judicial decisions in the District Courts and in the Circuit Court of Appeals which assumes that the limitations of section 19 were not repealed in 1924.
 
 
 7
 Messrs. Thomas D. Thacher, Sol. Gen., of Washington, D. C., Nugent Dodds, Asst. Atty. Gen., Whitney North Seymour, Sp. Asst. to Atty. Gen., and Frank M. Parrish, of Washington, D. C., for the United States.
 
 
 8
 Mr. Martin J. Kilsdonk, of Detroit, Mich., for respondent.
 
 
 9
 PER CURIAM.
 
 
 10
 Question answered, 'No.' Philippides v. Day, 283 U. S. 48, 51 S. Ct. 358, 75 L. Ed. 833.