McCANDLESS, Commissioner of Immigration, v. UNITED STATES ex rel. DONATI.

No. 4596.

Circuit Court of Appeals, Third Circuit.

Feb. 11, 1932.

Oliver Randolph and Phillip Forman, U. S. Atty., both of Trenton, N. J., for appellant.

Adrian Bonnelly, of Philadelphia, Pa., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

WOOLLEY, Circuit Judge.

The Commissioner of Immigration has appealed from a decree of the District Court sustaining a petition for writ of habeas corpus and discharging the relator from custody. 43 F.(2d) 1003. There may be two questions in the case: Certainly one, whether the provision for the limitation of deportation in the Immigration Act of 1917, § 19 (8 US CA § 155) or in the Immigration Act of 1924, § 13 (8 USCA § 213) applied in a case of entry on February 1, 1925 without an unexpired immigration visa in the possession of the alien; and possibly another, whether the alien entered on February 15, 1923 when the former act was in force or on February 1, 1925, which was after the passage of the latter act.

The first question is ruled by Philippides v. Day, 283 U. S. 48, 51 S. Ct. 358, 75 L. Ed. 833, deciding that the act of 1924 applied, as shown by the answer of the Supreme Court to a question certified in United States v. Vanbiervliet, 52 S. Ct. 132, 76 L. Ed. ——.

Even so, the relator-appellee says that he should not be deported because on the facts it appears that he entered the United States not in February 1925 but in February 1923, and that accordingly the act of 1917 applied.

The record before us does not contain the evidence which was before the Assistant to the Secretary of Labor. In this state of the record we cannot say that the District Court erred in holding that the hearing was not unfair and that the evidence was sufficient to sustain the order of the Assistant to the Secretary of Labor finding entry on February 1, 1925 without an unexpired immigration visa, and directing that the alien be deported. However, what purports to be the record has in some way been handed to us in typewritten form, and we have, without committing ourselves to its informality, studied the testimony taken at the hearings and are of opinion that the trial court was right in holding there was evidence to sustain a finding of entry on February 1, 1925. United States v. Ju Toy, 198 U. S. 253, 25 S. Ct. 644, 49 L. Ed. 1040; Tisi v. Tod, 264 U. S. 131, 44 S. Ct. 260, 68 L. Ed. 590; United States ex rel. Di Battista v. Hughes (C. C. A.) 299 F. 99.

The decree of the District Court is reversed.