### McDONOUGH v. TILLINGHAST, Commissioner of Immigration.

### No. 2626.

Circuit Court of Appeals, First Circuit.

Feb. 25, 1932.

Angelo Morello, of Boston, Mass., for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM and WILSON, Circuit Judges, and MORTON, District Judge.

WILSON, Circuit Judge.

This is an appeal from an order of the District Court of Massachusetts denying a writ of habeas corpus. The petitioner is a citizen of the Irish Free State. On June 7, 1924, he sailed from Queenstown for Canada and landed at Quebec on June 15, 1924, where, when inquired of by the immigration inspector as to where he was going, replied: "Just to get work on a farm in Canada." From Quebec he went to Montreal to seek employment as a common laborer, and remained there about a week. Obtaining no employment there, he went to Hamilton, On-

tario, where he worked on a farm for six weeks.

He stated in his examination before the Immigration Board that he then thought of going to his brother's in Norwood, Mass. Some time in August, 1924, he attempted to cross the border on a ferry from a place opposite Buffalo, N. Y., but, as he had no immigration or quota visa, he was sent back. On Labor Day he secured permission of the immigration inspector at Niagara Falls to cross on the footbridge to see the sights on the American side. Once across the border, he took a train for Boston, and from Boston proceeded to Norwood, where he obtained employment.

In December, 1930, as a result of an assault upon the husband of a cousin with whom he boarded, the immigration officers were notified that he was unlawfully in this country. His arrest followed, and, after hearing, he was ordered deported to the Irish Free State, "the country whence he came," on the ground that at the time of his entry into the United States he was not in possession of an unexpired immigration visa.

All the facts above set forth are admitted. Counsel for the appellant raises two questions: (1) That after three years, or, at least, after five years, the alien here was not liable to be deported; (2) that the warrant of deportation is illegal for the reason that under section 20 of chapter 29 of the 1917 act to regulate the immigration of aliens to the United States (39 Stat. 890 [8 USCA § 156]) he should have been deported to Canada, as he had acquired a domicile there.

There is no merit in the first point. It is now well settled that section 14 of the Immigration Act of 1924 (43 Stat. 162 [8 USCA § 214]) applies to all cases where it is found that the alien "at the time of entry was not entitled under this Act to enter the United States, or to have remained therein for a longer time than permitted under this Act or regulations made thereunder." This alien entered without right after the 1924 act went into effect, and therefore is subject to the provisions of section 14 thereof. The cases of Philippides v. Day, 283 U. S. 48, 51 S. Ct. 358, 75 L. Ed. 833, and United States ex rel. Cateches v. Day, 283 U. S. 51, 51 S. Ct. 359, 75 L. Ed. 835, dispose of this conclusion.

The second contention presents a more difficult question, owing to the terms of section 20 of the 1917 act above referred to. The part of section 20 relating to deportation reads as follows:

158

"That the deportation of aliens provided for in this Act shall, at the option of the Secretary of Labor, be to the country whence they came or to the foreign port at which such aliens embarked for the United States; or, if such embarkation was for foreign contiguous territory, to the foreign port at which they embarked for such territory; or, if such aliens entered foreign contiguous territory from the United States and later entered the United States, or if such aliens are held by the country from which they entered the United States not to be subjects or citizens of such country, and such country refuses to permit their reentry, or imposes any condition upon permitting reentry, then to the country of which such aliens are subjects or citizens, or to the country in which they resided prior to entering the country from which they entered the United States."

In construing the part of section 20 relating to deportation, it must be borne in mind that it originally related to aliens deportable under section 19 of the 1917 act (8 USCA § 155), whether they entered the United States unlawfully or became liable for deportation for acts committed after arriving in this country.

In every case the Secretary of Labor has an option to order an alien found to be deportable on any of the grounds laid down in section 19 of the 1917 act, or section 14 of the 1924 act, deported to the country whence he came, which has been defined as the country in which he at least had a domicile, Ex parte Gytl (D. C.) 210 F. 918, 923; United States ex rel. Moore v. Sisson (C. C. A.) 206 F. 450; United States ex rel. Karamian v. Curran (C. C. A.) 16 F.(2d) 958; United States ex rel. Borowiec v. Flynn (D. C.) 22 F.(2d) 302, or to the foreign port at which such alien embarked for the United States, or, if such embarkation was for foreign contiguous territory, to the port at which he embarked for such contiguous territory.

We think the remainder of section 20 does not necessarily apply to the facts in this case. There was not sufficient evidence to warrant a finding that the petitioner had any intent when he came to Canada to remain there permanently, and so acquire a domicile in that country. On the contrary, his statement on landing was that he had come to find work on a farm. If the evidence indicates anything as to his intent, his purpose in landing in Canada was to enter this country at the first favorable opportunity. He made two attempts before he was successful.

Under the circumstances disclosed in the record, we think the Secretary of Labor was warranted in ordering his deportation to the Irish Free State as the country whence he came, which is the country in which he had a domicile before unlawfully entering this country, and of which he still is a citizen and subject.

The order of the District Court is affirmed.