### Ex parte KUTHER.
### No. 10213-C.

District Court, S. D. California, Central Division.
April 5, 1932.

J. Edward Keating and Theodore E. Bowen, both of Los Angeles, Cal., for petitioner.

Samuel W. McNabb, U. S. Atty., of Los Angeles, Cal., for respondent.

COSGRAVE, District Judge.

Habeas corpus to Walter E. Carr, District Director Immigration Service, District No. 1, Department of Labor, in Los Angeles, on behalf of Max Kuther.

Petitioner is an alien, a citizen of Germany, and alleges that he last entered the United States on September 1, 1924, and has been an inhabitant and resident ever since. That he is restrained of his liberty by respondent, and the sole reason of his restraint is a warrant issued by the Secretary of Labor directing his deportation solely for the reason that he remained in the United States for a longer time than is permitted under the immigration laws.

He charges that there is no evidence to sustain the findings upon which the warrant is based. That the findings are insufficient in that he has been domiciled continuously in the United States for more than five years prior to the institution of deportation proceedings, he having entered on September 1, 1924, and the proceedings were not instituted until September 20, 1930. Other grounds are stated in the petition, but are not urged on the hearing. In support of his petition he cites section 19 of the Immigration Act of February 5, 1917 (8 USCA § 155).

The Director of Immigration justifies his detention of petitioner by authority of a warrant of deportation issued October 7, 1930. That warrant recites that petitioner landed in San Francisco on September 8, 1924. That he has been found in the United States in violation of the Immigration Act of 1924, in that he has remained for a longer time than permitted under the act or the regulations made thereunder.

Petitioner contends that, since more than five years had elapsed between the date of his entry on September 1, 1924, and the commencement of deportation proceedings on September 20, 1930, such proceedings are barred by the provisions of section 19 of the Act of February 5, 1917 (8 USCA § 155), which provides a limit of five years within which deportation may be had. Respondent contends that the case presented is governed by the provisions of section 14 of the Act of May 26, 1924 (8 USCA § 214), which contain no limitation of the time within which deportation proceedings may be commenced in cases of unlawful entry or of overstaying the permitted limit of time.

Although not stated in the petition it is conceded that petitioner was a seaman, and that his entry was illegal. If the provisions of the Act of February 5, 1917, § 19 (8 USCA § 155), apply, petitioner would be entitled to the writ, as the proceedings admittedly were not commenced within five years after entry. It is equally plain that, if the provisions of the Immigration Act of 1924 control, he must be deported. The latter act had been in effect something more than two months when petitioner entered the United States. It provides that any alien "who at any time after entering the United States is found to have been at the time of entry not entitled under this Act to enter the United States or (is found) to have remained therein for a longer time than permitted under this act, or regulations made thereunder," shall be deported "in the same manner as provided for in sections 155 and 156 of this title." Section 14, Act of May 26, 1924 (8 USCA § 214). Sections 155 and 156 referred to are sections 19 and 20, respectively, of the Act of February 5, 1917 (8 USCA §§ 155 and 156). Section 19 contains the limitation of five years and three years, respectively, within which, in certain cases, deportation may be had. It also contains, however, provisions respecting the proceedings for and the manner of deportation, and the clause "as is provided for in Sections 155 and 156" obviously refers only to the methods used.

No reasonable construction can be given to the act of 1924 other than that it applies to all aliens included within its description who enter the United States after the taking effect of the act. Otherwise the plain language of the act must be disregarded. It may, in so far as the determination of the question here presented is concerned, be conceded that those in whose favor the limitation prescribed by section 19 of the Act of February 5, 1917 (8 USCA § 155), had run at the

time of the passage of the Immigration Act of 1924 are not subject to deportation under the later act.

■ It is provided in the Immigration Act of 1924, § 25 (8 USCA § 223), that its provisions are in addition to and not in substitution for the provisions of the immigration laws. An alien, though admissible under its provisions, shall not be admitted, if excluded under other immigration laws, and an alien, though admissible under others, shall not be admitted, if excluded by it.

Clearly, therefore, an alien entering the United States since the effective date of the Immigration Act of 1924, cannot find justification for remaining under the provisions of some previous act, if deportable under the provisions of the 1924 act.

The views expressed by Judge W. P. James of this court in Re Magami, 47 F.(2d) 946, a case similar in its essentials, are particularly in point: "To my mind, the 1924 Act needs no interpretation by comparison with any other provision of the statute. It definitely states that the alien who 'at any time after entering the United States' is found to have been 'at the time of entry' not entitled to enter shall be deported. The qualifying clause which contains the references to Sections 155 and 156 (the 1917 statute) refers only to the manner of deportation. As has been before noted, the words of reference are to the effect that the aliens shall be 'deported in the same manner' as is provided in Sections 155 and 156. There is in that language no hint that the opening sentence of the statute shall be qualified as to the time within which such deportation must be ordered after entry."

■ Petitioner in this case is an alien. At the time of his entry he was not entitled to enter. Act of May 26, 1924, § 13(a), 8 USCA § 213(a). Possessing the character of a seaman he overstayed the sixty-day limit prescribed by the regulations made pursuant to the Act of May 26, 1924, § 15 (8 USCA § 215). He comes clearly within the terms of the Immigration Act of 1924. The question is, I think, set at rest by the United States Supreme Court which has decided in two recent cases that the provisions of section 14 of the Act of May 26, 1924, clearly applies to all cases coming within its terms, namely those who, after the passage of the act, at the time of entry, are not entitled to enter or who overstay their permissible period.

"It seems to us too clear to need argument that the limitation of three years in section 34 of the act of 1917 [8 USCA § 166 and note] does not override or qualify the clear and definite terms of section 14 of the act of 1924. Those terms must prevail." Philippides v. Day, 283 U. S. 50, 51 S. Ct. 358, 359, 75 L. Ed. 833; U. S. v. Vanbiervliet, 52 S. Ct. 132, 76 L. Ed. ——.

Petitioner's contention that there is no evidence to sustain the charge in the warrant that he remained in the United States for a longer period of time than permitted, inasmuch as his entry being illegal, was not for any period temporary or otherwise, is answered by Philippides v. Day, supra.

The writ should therefore be discharged, and petitioner remanded, and it is so ordered. Exception granted.