**UNITED STATES ex rel. FINK v. REIMER, Com'r of Immigration, etc.**

District Court, S. D. New York.
Sept. 14, 1936.

Lamar Hardy, U. S. Atty., of New York City (Helen E. Cottrell, of New York City, of counsel), for respondent.

Joshua S. Koenigsberg, of New York City, for relator.

LEIBELL, District Judge.

This is a return to a writ of habeas corpus. The relator, Nathan Fink, has been ordered deported and now petitions for his release.

The following facts are not disputed: In February, 1927, the relator, a citizen of Poland, secured from the American Consulate at Warsaw a preference quota immigration visa under the name of Markus Apfelroth. The real Apfelroth had a son in New York City, who was an American citizen. Apfelroth was thus entitled to a preference under the Polish quota. The son had petitioned for the admission of his father, and a preference visa had been authorized. 8 U.S.C. § 206(a) (1); § 209 (b), 8 U.S.C.A. § 206(a) (1); § 209(b).

Markus Apfelroth, however, having recently remarried, decided to remain in Poland. Fink, a business associate of Apfelroth, who was desirous of coming to the United States, thereupon secured a Polish passport and other necessary documents, all in the name of Markus Apfelroth. Fink then appeared before the American Consul and obtained the preference visa in the name of Apfelroth. Had not Fink thus misrepresented himself he could not have at that time obtained an immigration visa, the Polish quota being full and only those entitled to a preference being able to come to this country.

Fink arrived in New York May 22, 1927, and obtained entry into the United States by means of the preference visa which he had fraudulently secured. He has remained in this country ever since.

Subsequently, in June, 1933, Fink became a naturalized citizen of the United States. As part of the proceedings he had his name changed to his true name, Nathan Fink, thus abandoning the name of Markus Apfelroth, which he had used in his declaration of intention and petition for naturalization. In September, 1935, he pleaded guilty to an indictment charging him with procuring naturalization illegally (U. S. Code, title 8, § 414 (8 U.S.C.A. § 414). He was sentenced to three months' imprisonment, sentence to be suspended on order of deportation, and his certificate of naturalization was canceled.

However, it is not as a consequence of that conviction that the warrant of deportation has been issued. Rather, the warrant was issued on the ground that the relator is "subject to deportation under Section 19 of the Immigration Act of February 5th, 1917, being subject thereto under the following provisions of the laws of the United States, to wit: The Act of 1924, in that he is found to have been at the time of entry, not entitled under said Act to enter the United States for the reason, to wit: that the immigration visa which he presented was not valid because procured by fraud or misrepresentation."

The first part of the above-quoted paragraph (to the first colon) is part of the printed form of the warrant for the deportation of the alien. The balance of said paragraph from the words "The Act of 1924," to the end thereof, is typewritten.

The relator contends that deportation proceedings are now barred by the five-year statute of limitations which is found in section 19 of the Immigration Act of 1917 (8 U.S.C. § 155 [8 U.S.C.A. § 155]).

It is evident, however, that the warrant of deportation in this case has been issued

488

under section 14 of the Act of 1924 (8 U.S.C. § 214 [8 U.S.C.A. § 214]), which provides, in part: "Any alien who at any time after entering the United States is found to have been at the time of entry not entitled under this subchapter to enter the United States * * * shall be taken into custody and deported in the same manner as provided for in sections 155 and 156 of this title."

There is no time limitation in section 14. It expressly provides that an alien may be deported who *at any time after entry* is found to have been at the time of entry not entitled under the act to enter. The reference in the warrant to section 19 of the Immigration Act of 1917 has to do merely with procedure.

In Ex parte Yoshinobu Magami (D.C.) 47 F.(2d) 946, at page 947, Judge James very clearly construes section 14 of the 1924 Act and shows its true relationship to sections 19 and 20 of the 1917 Act (8 U.S.C. §§ 155, 156 [8 U.S.C.A. §§ 155, 156]): "To my mind, the 1924 act needs no interpretation by comparison with any other provision of the statute. It definitely states that the alien who 'at any time after entering the United States' is found to have been 'at the time of entry' not entitled to enter shall be deported. The qualifying clause which contains the reference to sections 155 and 156, 8 U.S.C.A. (the 1917 statute) refers only to the manner of deportation. As has been before noted, the words of reference are to the effect that the aliens shall be 'deported in the same manner' as is provided in sections 155 and 156. There is in that language no hint that the opening sentence of the statute shall be qualified as to the time within which such deportation must be ordered after entry."

The Circuit Court of Appeals of this (2d) circuit dealt with these provisions in United States ex rel. Giuriciu v. Day, 54 F.(2d) 362, 363, as follows: "There is nothing in sections 13 or 14 of the Act of May 26, 1924 (8 U.S.C.A. §§ 213, 214), which places a limitation of time as described in section 19 of the Act of 1917 [8 U.S.C.A. § 155]. 'At any time' as used in the 1924 act cannot be read to be modified by the three-year limitation of section 19 of the 1917 act. Philippides v. Day, 283 U.S. 48, 51 S.Ct. 358, 75 L.Ed. 833; U. S. ex rel. Cherwonick v. Smith, 49 F.(2d) 890 (C.C.A.7); U. S. ex rel. Grimaldi v. Ebey, 12 F.(2d) 922, 923 (C.C.A.7)."

■ Under section 13(a) (1) of the Act of 1924 (8 U.S.C.A. § 213(a) (1), 8 U.S.C.A. § 213(a) (1), an unexpired immigration visa is essential for admission into the United States. Mere possession of a visa is not, however, conclusive on the right of an immigrant to enter (8 U.S.C. § 202 (g), 8 U.S.C.A. § 202(g). Admission will be denied on arrival if it is found that the alien is inadmissible to the United States under the immigration laws.

Further, the immigrant may be deported under 8 U.S.C. § 214 (8 U.S.C.A. § 214) if after entering the United States he is found to have been at the time of entry not entitled under the 1924 Act to enter the United States. The application for an immigration visa (quota) signed by petitioner and sworn to by him on February 1, 1927, before the United States Vice Consul at Warsaw, Poland, contains this statement: "That I am the father of Jacob Miller who is a citizen of the United States 27 years of age, and resides at #638 Kelly St. New York City. That because of the relationship aforesaid I am entitled to and claim the preference provided for in paragraph (2) of subdivision (a) of section 6 of the Immigration Act of 1924."

That was a false statement. Jacob Miller was not Fink's son, but the son of Apfelroth. In using the immigration visa obtained as a result of that false statement, the petitioner Fink when he entered the United States violated 8 U.S.C. § 220 (a) 8 U.S.C.A. § 220(a). In personating Apfelroth when applying for the immigration visa Fink violated subdivision (b) (1) of that section (8 U.S.C.A. § 220(b) (1). In making that and other false statements in his application for the immigration visa, Fink violated subdivision (c) of that section (8 U.S.C.A. § 220(c). Fink's application for the immigration visa was supposed to state truthfully under oath (section 207(f), 8 U.S.C.A.) the information required by section 207 (b), 8 U.S.C.A. In the language of the warrant of deportation "the immigration visa which he (Fink) presented was not valid because procured by fraud or misrepresentation." By section 221, 8 U.S.C.A., the burden of proof in a deportation proceeding is put upon the alien "to show that he entered the United States lawfully." Fink's admissions in his affidavit of June 11, 1934, before A. B. Kett, a United States naturalization examiner, which is part of the re-

turn on this writ, gives the whole story of the fraud perpetrated by him in obtaining his immigration visa.

The case of McCandless v. United States ex rel. Murphy, 47 F.(2d) 1072 (C.C.A. 3, 1931), is in point. In that case the immigrant, Maggie Agnes Murphy, entered the United States on papers issued to her sister Delia. It was decided, for family reasons, that Delia should remain at home, and that Maggie should come to the United States. See Opinion of District Court, 40 F.(2d) 643. Maggie thus came to this country, using her sister's name. In view of these facts, the Circuit Court said: "There can be no doubt that she subjected herself to deportation."

The case at bar is a stronger one for deportation than the Murphy Case. Unlike the Murphy Case, Nathan Fink, the relator herein, obtained a preference quota visa by using the name of another person. No preference was obtained by Maggie Murphy.

It is apparent that Nathan Fink was not at the time of his entry entitled to enter the United States under the Act of 1924. He is therefore subject to deportation under section 14 of that act (8 U.S.C. § 214 [8 U.S.C.A. § 214]) in the manner provided in 8 U.S.C. §§ 155 and 156 (8 U.S. C.A. § 155, 156) (known as sections 19 and 20 of the Immigration Act of 1917).

The writ of habeas corpus is dismissed, and the petitioner is remanded for deportation in accordance with the warrant issued.