## UNITED STATES ex rel. DOMBROWSKI v. KARNUTH.

### No. 1994.

District Court, W. D. New York.
April 27, 1937.·

biervliet, 284 U.S. 590, 52 S.Ct. 132, 76 L. Ed. 509; United States ex rel. Bruno v. Smith (C.C.A.) 54 F.(2d) 359; United States ex rel. Giuriciu v. Day (C.C.A.) 54 F.(2d) 362.

Leo C. Gabriel, of Buffalo, N. Y., for petitioner.

George L. Grobe, U. S. Atty., and John S. Carriero, Asst. U. S. Atty., of Buffalo, N. Y., for respondent.

KNIGHT, District Judge.

Ada Hannah Crew Dombrowski landed in Canada from England about April 15, 1884. She resided in Canada until her entry into the United States at Buffalo, N. Y., on May 10, 1907. She departed from the United States and after remaining several days in Canada returned on November 28, 1929, to Buffalo, N. Y. Petitioner never registered at the Port of Entry on any entrance into the United States. Registration was required by section 1 of the Act of June 29, 1906 (U.S. C. title 8, § 106 [8 U.S.C.A. § 106]). The petitioner never paid any head tax and never presented herself for inspection upon entry. This is contrary to the provisions of the Immigration Act of February 20, 1907, c. 1134, 34 Stat. 898. The entry therefore was illegal. Ex parte Hamaguchi (C.C.) 161 F. 185; Ex parte Callow (D. C.) 240 F. 212; Ex parte Saadi (D.C.) 23 F.(2d) 334, affirmed (C.C.A.) 26 F.(2d) 458. Petitioner was exempted from the payment of the head tax in 1907. She was not so exempted on the entry in 1929, since she had not had uninterrupted residence of at least one year immediately preceding such entrance in the Dominion of Canada.

It is claimed that sections 20 and 21 of the Act of February 20, 1907 (34 Stat. 904, 905), limit the period to three years within which an alien is liable to deportation for entry in violation of the laws of the United States. The three-year limitation period does not apply under the Immigration Act of 1924. Section 14 of such act, U.S.C. title 8, § 214 (8 U.S.C.A. § 214), provides that the alien may be deported at any time after an illegal entry. Philippides v. Day, 283 U.S. 48, 51 S.Ct. 358, 75 L.Ed. 833; United States v. Van-

The petitioner's entry in 1929 was illegal. In support of petitioner's contention to the contrary, Annello ex rel. Annello v. Ward (D.C.) 8 F.Supp. 797; United States ex rel. Valenti v. Karmuth (D.C.) 1 F.Supp. 370, are cited. The instant case is clearly distinguishable from these for the reason that the petitioner remained several days in Canada. However, both of these cases seem in conflict with the weight of authority. Zurbrick v. Borg (C. C.A.) 47 F.(2d) 690; Cahan v. Carr (C.C. A.) 47 F.(2d) 604; Jackson v. Zurbrick (C. C.A.) 59 F.(2d) 937; United States ex rel. Williams v. Karnuth (D.C.) 2 F.Supp. 316; United States ex rel. Lehtola v. Magie (D.C.) 47 F.(2d) 768; United States ex rel. Claussen v. Day, 279 U.S. 398, 49 S. Ct. 354, 73 L.Ed. 758; United States ex. rel. Bardakos v. Mudd (D.C.) 33 F.(2d) 334; United States ex rel. Harrington v. McCandless (D.C.) 43 F.(2d) 760.

It is claimed that petitioner had established a domicile in the United States and therefore the second entry was legal. She was not legally in the United States. Whether the petitioner acquired a domicile in the United States is immaterial. In Lapina v. Williams, 232 U.S. 78, 34 S.Ct. 196, 200, 58 L.Ed. 515, it was said: "Upon a review of the whole matter, we are satisfied that Congress, in the act of 1903, sufficiently expressed, and in the act of 1907 reiterated, the purpose of applying its prohibition against the admission of aliens, and its mandate for their deportation, to all aliens whose history, condition, or characteristics brought them within the descriptive clauses, irrespective of any qualification arising out of a previous residence or domicil in this country." See, also, Ex parte Petterson (D.C.) 166 F. 536; Canciamilla v. Haff (C.C.A.) 64 F.(2d) 875.

On April 24, 1936, after issuance of warrant of arrest herein, the petitioner was married to Frank L. Dombrowski. This gave the petitioner no new rights. She still was in the deportable class. Gorcevich v. Zurbrick (C.C.A.) 48 F.(2d) 1054. The writ of habeas corpus is directed to be discharged and petitioner remanded for deportation.