UNITED STATES ex rel. HUDAK v. UHL, District Director of Immigration, et al.

District Court, N. D. New York.

Sept. 1, 1937.

929

Daniel H. Prior, of Albany, N. Y., for relator.

Ralph L. Emmons, U. S. Atty., of Syracuse, N. Y. (B. F. Tompkins, Asst. U. S. Atty., of Syracuse, N. Y., and Andrew J. Culick, Asst. U. S. Atty., of Amsterdam, N. Y., of counsel), for respondents.

H. Ely Goldsmith, of New York City, amicus curiæ.

COOPER, District Judge.

The relator obtained a writ of habeas corpus requiring the respondents to show by what authority he was detained in custody.

The petition for the writ showed that he was detained by virtue of a warrant of deportation directing his deportation to his native country, Poland.

The petition also alleged that such deportation was unlawful and deprived the relator of his alleged right to proceed voluntarily to a country of his choice.

That country apparently is Canada, from which he unlawfully entered the United States on September 26, 1933, as appears by the return to the writ.

There is no question raised as to his illegal entry or to the right to deport him.

The sole question is whether or not an alien unlawfully in the United States has a right, when deportation is sought, to voluntarily deport himself to a country of his choice, or whether the Commissioner of Immigration is vested by statute with authority to select the country to which he shall be deported.

That the sovereign United States has full power and authority to protect its sovereignty by excluding whomsoever the sovereign will, cannot be doubted. Fong Yue Ting v. U. S., 149 U.S. 698, 13 S.Ct. 1016, 37 L.Ed. 905.

That it may put out of its borders any and all aliens who unlawfully enter follows as a necessary attribute of sovereignty.

And the manner of such deportation and all the methods to be adopted in so doing is likewise within the sole control of the sovereign by appropriate legislation.

That the sovereign may deport the alien to the country of his nativity and of which he is presumably a citizen cannot be questioned. Such power is limited only by the power of the native sovereignty to refuse to receive the alien if it so chooses.

The power of the native sovereignty to refuse to receive the alien is absolute in the absence of treaty otherwise providing.

In any event, the alien has no right to raise such a question in the courts of the United States.

It will be presumed in every case of deportation that the United States immigration authorities have obtained the consent of the native sovereignty to receive the deported alien.

Should it prove otherwise, the alien will undoubtedly be returned to the United States and the latter again be faced with the problem of ridding itself of the alien, presumed to be undesirable because of his unlawful entry.

There are, of course, cases in which the deportation of an alien to the European country from which he may have fled will mean his execution. In all such cases the United States has vested its Immigration Department with discretion to deport the alien to some other country which will receive him, and presumably to the country

through which he unlawfully entered the United States.

There is no substantial suggestion here that the relator is liable to execution upon his return to Poland for any political crime or reason.

The relator contends that the statutes of the United States providing for the deportation of an illegally entered alien to his native country and depriving him of the right to go voluntarily where he pleases are ultra vires. This is but saying in other words that such statutes are unconstitutional.

It is a strange contention that there are any limitations upon the power of a sovereign nation to deport an alien to his native country, who has unlawfully entered the United States, whether such entry was directly from his native country or through some other country. If the alien has become a citizen of the other country in accordance with its laws, then the deportation should be to the country of the alien's last citizenship. No such contention of citizenship of Canada is made here.

The constitutionality of the deportation statutes has been declared by highest authority. Lai To Hong v. Ebey (C.C.A.) 25 F.(2d) 714; Felich v. Meier (C.C.A.) 23 F.(2d) 185; Lopez v. Howe, 259 F. 401 (C.C.A. 2), certiorari to Supreme Court denied 254 U.S. 613, 650, 41 S.Ct. 63, 65 L.Ed. 438; Zakonaite v. Wolf, 226 U.S. 272, 33 S.Ct. 31, 57 L.Ed. 218; Bugajewitz v. Adams, 228 U.S. 585, 33 S.Ct. 607, 57 L.Ed. 978.

Congress has vested the deportation of aliens in the Secretary of Labor and vested him also with discretion as to the place to which such deportation shall be made. 8 U.S.C.A. §§ 155, 156, 214; U. S. ex rel. Karamian v. Curran (C.C.A.) 16 F.(2d) 958; U. S. ex rel. Giletti v. Com'r, 35 F.(2d) 687 (C.C.A. 2). Ex parte Saadi (D.C.) 23 F.(2d) 334, affirmed (C.C.A.) 26 F.(2d) 458; U. S. ex rel. Dombrowski v. Karnuth (D.C.) 19 F.Supp. 222; Hajdamacha v. Karnuth (D.C.) 23 F.(2d) 956; McDonough v. Tillinghast (C.C.A.) 56 F.(2d) 156; U. S. ex rel. Pantano v. Corsi (C.C.A.) 65 F.(2d) 322.

However much the court may differ from the Secretary of Labor as to the place to which deportation should be made, it is not a subject for review by the court, unless, perhaps, where it was made clear after the order of deportation was issued that deportation to the country named in the order would almost certainly mean death to the alien guilty only of political crimes, and even then the interference could only be justified upon the ground that the Secretary of Labor was guilty of such gross abuse of discretion as to raise a question of law. While it would seem that the Secretary of Labor might well permit the alien to go voluntarily to Canada, the Secretary might have information unknown to the court making that course inadvisable and inexpedient. The court cannot interfere.

It is, of course, clear that the authority of the United States can no longer be exerted over the alien once he is able to leave the ship at any foreign port. The court agrees with the relator in this contention; but it is academic here.

The writ must be dismissed and the relator remanded to the custody of the respondent.