## UNITED STATES ex rel. TSEVDOS v. REIMER, Com'r of Immigration.

### No. 179.

Circuit Court of Appeals, Second Circuit.
Jan. 8, 1940.

the intention to desert after arrival here, the immigration inspector was not obliged to accept his later story. His earlier admission furnishes ample support for a finding that he did not enter the United States temporarily as a bona fide seaman in pursuit of his calling. But even if he had so entered, he would nevertheless be deportable under section 14 of the Immigration Act of 1924, 8 U.S.C.A. § 214. Philippides v. Day, supra. Therefore he was not entitled to a hearing before a board of special inquiry for examination as to his qualifications for admission to the United States, as provided in section 34 of the Immigration Act of 1917, 8 U.S.C.A. § 166. United States ex rel. Anastasios Cateches v. Day, 2 Cir., 45 F.2d 142; United States ex rel. Costas Cateches v. Day, 283 U.S. 51, 51 S.Ct. 359, 75 L.Ed. 835.

Judgment affirmed.

John S. Wise, Jr., of New York City, for appellant.

John T. Cahill, U. S. Atty., of New York City (John B. Creegan, Ass't. U. S. Atty., of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PER CURIAM.

This case does not differ from United States ex rel. Foradis v. Reimer, 2 Cir., 101 F.2d 1022, which we affirmed on the authority of Philippides v. Day, 283 U.S. 48, 51 S.Ct. 358, 75 L.Ed. 833. At his examination on March 17, 1938, the relator testified under oath that when he signed on as a member of the crew of the steamship which brought him to this country, he intended to desert the ship and go to work in Cleveland, where his brothers had a shop. Although he retracted this testimony at the hearing of March 28th and then swore that he did not know the ship was bound for the United States when he signed on at Antwerp and that he formed