## UNITED STATES ex rel. VOUNAS v. HUGHES, District Director of Immigration and Naturalization.

District Court, D. New Jersey.

May 22, 1940.

Ralph W. Wescott, of Camden, N. J., and Michael C. McManus, of Philadelphia, Pa., for relator.

John J. Quirin, Former U. S. Atty., of Trenton, N. J., and W. Orvyl Schalick, Asst. U. S. Atty., of Camden, N. J., for respondent.

AVIS, District Judge.

In this case relator, whose correct name is Tilemahos Voutsinas, was directed, by order of the Department of Labor, dated August 23, 1939, to be deported to Greece. The writ of habeas corpus was later granted and is now before the Court on final hearing.

I find as facts:

1. That relator, a citizen of Greece, arrived in the United States at the Port of New York as a seaman aboard the Steamship Nicholas on January 9, 1938, as stated in the certificate of arrival signed by the District Director, New York District, or on January 1, 1937, as stated in relator's testimony before the Inspector.

2. That relator was not to be paid off or discharged.

3. That he was inspected as a member of the crew at the time of his arrival in New York.

4. That he was not admitted to the United States as an immigrant or non-immigrant, but only as a seaman to return to his vessel or to reship.

5. That he deserted his ship and remained in the United States until his arrest in deportation proceedings on August 2, 1939.

Conclusions of law:

In this proceeding there is no claim that the relator is not deportable, as being an alien seaman who has remained in the United States for a longer time than permitted by the 1924 Act and regulations made thereunder, nor is there any suggestion that the relator was not given a fair hearing before Franklin K. Riley, an immigrant inspector, in pursuance of which hearing the warrant of deportation was issued.

The insistment is that the power to deport the relator is controlled by the provisions of Section 34 of the 1917 Act, 8 U.S.C.A. § 166, reading in part as follows: "Any alien seaman who shall land in a port of the United States contrary to the provisions of this subchapter shall be deemed to be unlawfully in the United States, and

shall, at any time within three years thereafter, upon the warrant of the Secretary of Labor, be taken into custody and brought before a board of special inquiry for examination as to his qualifications for admission to the United States, and if not admitted said alien seaman shall be deported at the expense of the appropriation provided in section 156 of this title."

The respondent contends that the above statute is not applicable to relator's case by reason of the enactment of Section 14 of the Act of May 26, 1924, 8 U.S.C.A. § 214, which, as it affects the instant case, reads as follows: "Any alien who at any time after entering the United States is found to have been at the time of entry not entitled under this subchapter to enter the United States, or to have remained therein for a longer time than permitted under this subchapter or regulations made thereunder, shall be taken into custody and deported in the same manner as provided for in sections 155 and 156 of this title."

The decisions are in a chaotic condition. In the following cases it was determined that the three year limitation for deportation was not repealed by the provisions of the 1924 Act, and, therefore, a deserting seaman could not be deported unless taken into custody within three years of his entry into the United States: Nagle v. Hansen, 9 Cir., 17 F.2d 557; Carr v. Zaja, 9 Cir., 37 F.2d 1016.

In the case of United States ex rel. Filippini v. Day, 18 F.2d 781, Judge Hand, Circuit Judge, deciding the case in the District Court of the Southern District of New York, held that a seaman, who unlawfully entered the United States or stayed longer than permitted, was improperly brought before an immigration inspector instead of before a board of special inquiry as required by Section 34 of the 1917 Act, but that such irregularity did not operate to deprive the alien of a fair hearing; dismissed the writ of habeas corpus, and remanded the alien for deportation.

In United States ex rel. Rios v. Day, 2 Cir., 24 F.2d 654, the alien seaman was ordered deported under the provisions of the 1924 Act, because he remained in the United States longer than the temporary period allowed; that the relator had abandoned his calling as a seaman, and was subject to deportation under the 1924 Act.

In the case of Hurst v. Nagle, 9 Cir., 30 F.2d 346, a distinction is drawn as to facts in that case in comparison with those in the case of Nagle v. Hansen, supra, in that it is stated that in the latter case the alien came into the United States as a sailor; was allowed to enter as being "in transit" and intending to reship foreign, and did not relinquish his occupation as a seafaring man, whereas in the case under consideration the alien deserted his ship and was at the time of reentry a member of one of the classes excluded by law and was not protected by the provisions of Section 34 of the 1917 Act.

In Zurbrick v. Traicoff, 6 Cir., 38 F.2d 811, it was held that a seaman, who went ashore pursuant to regulations issued under the Act of 1924, was subject to deportation under that Act, and that the 34th section of the Act of 1917 was not applicable.

In United States ex rel. Philippides v. Day, 2 Cir., 37 F.2d 1015, the court in a per curiam opinion affirmed the dismissal of a writ of habeas corpus entered in the district court. The alien seaman was not arrested for deportation until more than three years after his desertion of his ship. The court determined that the deportation proceedings were controlled by the 1924 Act and not by the provisions of the 1917 Act, and cited the case of United States ex rel. Piccolella v. Commissioner, 2 Cir., 36 F.2d 1022.

The Philippides case was appealed to the Supreme Court, and its decision is reported in Philippides v. Day, 283 U.S. 48, 51 S.Ct. 358, 75 L.Ed. 833. The decision was affirmed, holding the words "Any alien", in Section 14 of the 1924 Act, include alien seamen. The decision assumes that Section 34 of the 1917 Act is not repealed by the 1924 Act, and makes the following comment: "But we cannot accept the conclusion that deserting alien seamen are thereby made a favored class to be retained in this country when other aliens would be compelled to leave." (283 U.S. 48, 50, 51 S.Ct. 358, 359, 75 L.Ed. 833.

In the case of United States ex rel. Cateches v. Day, 2 Cir., 45 F.2d 142, the relator was a Greek seaman, whose last entry was in 1926, when he arrived as a seaman at Norfolk aboard a British ship and deserted while the ship was in port. The relator was given leave to land and deserted after he reached the shore. He was arrested in 1929, had a hearing before an inspector, who reported against him. He took the position that he was entitled to a hearing before a board of special inquiry under Section 34 of the Act of 1917, upon

the theory that he could there prove that he was a non-quota immigrant under Section 4(b) of the 1924 Act, 8 U.S.C.A. § 204(b). After discussion involving sundry immigration laws the court said: "Thus on no theory can he invoke section 34 of the Act of 1917 and in deportation proceedings he was properly heard before an inspector." 45 F.2d 142, 144, affirmed 283 U.S. 51, 51 S.Ct. 359, 75 L.Ed. 835.

It is not necessary to quote or to recite all of the points raised and decided in the above cases, but it seems to me that the facts and law therein set forth applies fully to the situation in the instant case.

The result must be a dismissal of the writ and the remanding of the relator to the custody of the ·Director of Immigration for deportation.

Order accordingly.