**UNITED STATES ex rel. VODOPIJA v. STULTS, Sheriff.**

No. 402.

District Court, N. D. Indiana, Hammond Division.

Nov. 27, 1943.

Henry G. Doherty, of East Gary, Ind., and Lester Ottenheimer, of East Chicago, Ind., for petitioner.

Alexander M. Campbell, U. S. Atty., of Fort Wayne, Ind., and James E. Keating, Ass't U. S. Atty., of South Bend, Ind., for respondent.

SWYGERT, District Judge:

The petitioner asks for a writ of habeas corpus directed to the defendant who has custody of the petitioner by reason of a deportation warrant. Pursuant to an order to show cause why the writ should not issue, the defendant filed an answer and evidence was submitted. The parties have agreed that the same evidence would be adduced on a hearing if the writ were to issue and that the court's ruling on the order to show cause should decide the case.

The petitioner is a native and citizen of Yugoslavia. On May 10, 1941, he arrived at Norfolk, Virginia, on the S. S. "Aleksander I" on which he was a fireman and oiler. There he was granted shore leave and registered as an alien seaman. He again entered the United States at New York City on July 7, 1941, on the same ship and while still employed on it in the same capacity.

Although the immigration and naturalization records indicate that he was examined by an Immigration Inspector after his arrival, he testified at his deportation hearing that he had not been questioned by the immigration officials at New York City.

After being in port about a week, the petitioner deserted his ship and came to East Chicago, Indiana, where he remained until arrested by the immigration authorities on July 10, 1943. While living with his brother in East Chicago he was employed as a factory worker. He testified at his deportation hearing that he abandoned his calling as a seaman on July 7, 1941. He also stated at this hearing that he had asked the Captain of the ship if he could take his clothes ashore and upon getting this consent he left with the intention of seeing his brother and, if he could find a job in East Chicago, to remain there, otherwise to return to his ship. At a subsequent hearing before an Immigration Inspector he testified that the Captain would not consent to his visiting his brother but that he went anyway. At the time of his entry into the United States he was not in possession of an unexpired consular immigration visa nor had he previously applied for one.

The petitioner seeks this writ on the ground that he was not accorded a hearing before a board of special inquiry under section 34 of the Immigration Act of 1917, 8 U.S.C.A. § 166. His position is that

he landed "unlawfully" and that therefore this section, which provides that "any alien seaman who shall land in a port of the United States *contrary* to the provisions of this Act shall be deemed to be unlawfully in the United States and shall * * * upon the warrant of the Attorney General be taken into custody and brought before a board of special inquiry * * *," applies. (Italics supplied.) The defendant's position is that section 14 of the Immigration Act of 1924, 8 U.S.C.A. § 214, rather than section 34 of the 1917 Act, applies.

Should a distinction be made between the case where an alien seaman is given shore leave and then overstays his temporary admission, and the case where he leaves his ship without permission and does not land "pursuant to such regulations as the Attorney General may prescribe," as provided by section 19 of the 1924 Act, 8 U.S.C.A. § 166? The conclusion must be drawn that there is no distinction when the 1917 Act is considered in its entirety and particularly when the similarity of section 32 of that Act, 39 Stat. 895, dealing with the temporary admission of alien seamen is considered with section 19 of the 1924 Act. Until the 1924 Act became effective, section 34 of the 1917 Act applied whether the alien seaman landed "unlawfully" or overstayed his temporary admission allowed under such regulations as the Attorney General prescribed. If he remained longer than such regulations permitted, his landing would have been "contrary" to the provisions of that Act and thereby unlawful.

 Section 14 of the 1924 Act became effective July 1, 1924, and applies to any alien, whether alien seamen or other aliens, who have entered the United States after that date and who were not entitled to admission under the immigration laws, or, if entitled to admission, remain longer than permitted by the 1924 Act or the regulations made thereunder. In Philippides v. Day, 283 U.S. 48, 51 S.Ct. 358, 359, 75 L.Ed. 833, Justice Holmes said: " 'Any alien' in section 14 of the act of 1924 includes alien seamen on its face and by the definition in section 28, Id. (8 U.S. C.A. § 224)."

Section 25 of the 1924 Act, 8 U.S.C.A. § 223, provides that its provisions are "in addition to and not in substitution" of the immigration laws and that the provisions of such other laws which are "not inap-

plicable" shall apply to and be enforced in connection with the 1924 Act.

 Although section 34 of the 1917 Act was not repealed, it became "inapplicable" in the instant case in the face of the provision of section 14 of the 1924 Act. To hold that the provisions of the latter section should not be applied in this case would in effect allow the 1917 Act to override this provision of the later Act. Section 25 of the 1924 Act should not be construed with that result. Only where the prior immigration laws are "not inapplicable" in connection with the 1924 Act should they prevail.

For these reasons and under the authority of the Philippides case, the application for a writ of habeas corpus is denied.